IRVING IRON WORKS, complainant-respondent,

*v.*

KERLOW STEEL FLOORING COMPANY, HERBERT H. BUNKER and WALTER H. LOWN, defendants-appellants.

[Submitted June 9th, 1924.    Decided October 20th, 1924.]

1. Equity has jurisdiction to give relief as against a trustee *ex maleficio* although the granting of a patent be incidentally involved.

2. Where the subject of the patent was complainant's invention, patented in fraud of complainant, equity may direct an accounting.

3. Certain injunctive features of the decree below, relating to enticement and employment by defendant of complainant's servants, modified.

On appeal from a decree advised by Vice-Chancellor Foster, of which the following is a copy:

"This cause having come on for final hearing, and the court having considered the proofs and the arguments of counsel, and being satisfied that the defendants and each of them have conspired through illegal and improper means to injure the complainant and its business, and that they have, by the use of confidential information gained by some of them and their employes and agents, while in the employ of the complainant, engaged in a course of illegal and unfair competition ·as against the complainant, and that the type of grating manufactured by the defendant Kerlow Steel Flooring Company (such grating being of the design designated by the complainant in its business as type M) is the invention and property of the complainant, and the court being satisfied that the complainant is entitled to the relief prayed for in its bill of complaint, and counsel having been heard further as to the terms of this decree.

"It is accordingly, on this 16th day of April, 1924, on motion of Haines & Chanalis, solicitors of the complainant, ordered, adjudged and decreed that the defendants and each of them, and their and each of their agents and employes, be and they are enjoined and restrained from disclosing, publishing or making use of any lists or confidential information of the complainant, obtained by them or any of them while in the employ of the complainant, or from the records, the agents or former employes of the complainant company, and from soliciting for business, either directly or indirectly, from any customer or prospective customer on the lists of records of the complainant company on the 15th day of November, 1921.

"And it is further ordered, adjudged and decreed, that the defendants and each of them, and their and each of their agents and employes, be and they are enjoined and restrained from doing business with any customer or prospective customer on the lists or records of the complainant company on the 15th day of November, 1921, unless such business comes to said defendants as a result of a request for bids for the doing of the same, made by said customers or prospective customers, without previous solicitation on the part of said defendants.

"And it is further ordered, adjudged and decreed that the defendants be and they are enjoined and restrained from employing or continuing to employ in their service, either directly or indirectly, any agent or employe other than said Bunker and Lown, who left the employ of the complainant and entered into the employ of the said Kerlow Steel Flooring Company, and they are further enjoined and restrained from enticing or endeavoring to entice any present employe or agent of the complainant to leave its employ.

"And it is further ordered that the said defendants and each of them, and their and each of their agents and employes, be and they are enjoined and restrained from the further manufacture or sale of the type of grating manufactured by them and hereinabove referred to, provided, however, that the said defendants may, in lieu of desisting from the further manufacture and sale of said type of grating, continue, until the further order of this court, to manufacture and sell the same upon condition, however, that the said defendants shall keep full and complete records of all profits made by them, or any of them, from such manufacture and sale, to the end that they may account to the complainant for the same, as and when this court may direct.

"And said defendants furthermore render to the complainant full and complete reports as to the amount of grating so sold, to whom sold and at what prices, the expenses incident to the manufacture and sale thereof, and the profits realized therefrom, such reports to be rendered at the expiration of each two months after the date of this decree.

"And it is further ordered, adjudged and decreed that the defendants and each of them do account to the complainant for all profits made by them or any one of them up to the date of this decree, though the use by said defendants of the said type M grating, as well as for all profits made by the defendants, or any of them, for any former customer or for any prospective customer of the complainant as of the 15th day of November, 1921, and that it be referred to Charles M. Myers, Esq., to state and audit the amount of such profits and report thereon to this court.

"And it is further ordered, adjudged and decreed that the defendants, their agents and employes, and each of them, are enjoined and restrained from making any representations as to the business of the complainant company, or its product, tending to depreciate the same.

"And it is further ordered that the defendant do pay to the complainant, its costs of this suit to be taxed, including therein the sum of $500 expended by the complainant for its share of the cost of the transcript of the testimony taken in the cause, as well as a counsel fee of $5,000 to the counsel of the complainant, said items to be included in the taxed bill of costs and collected with the other items thereof, according to law and the practice of this court.

"And it is further ordered that all further equities be reserved until the coming in of said master's report.

"And it is further ordered that the parties to this cause shall have leave to apply to this court, after due notice, for such modification as they may be advised, of that portion of the restraint contained in this decree as relates to the further manufacture and sale by the defendants of the type of grating manufactured by them, in the event of a decision and judgment being entered in the proceedings now pending between said parties with respect to the patent rights relating to said type of grating. And for such other relief as the circumstances of the parties may require."

*Mr. John Milton,* for the appellants.

*Mr. Michael N. Chanalis* and *Mr. Arthur F. Egner,* for the respondent.

PER CURIAM.

In the general finding of facts by the learned vice chancellor we fully concur. Indeed, the correctness of that finding is not definitely drawn into question on this appeal, except in one particular, viz., the finding "as a fact that the type 'M' grating was designed for and is the property of the complainant." (We quote the language of the brief.)    As.

to this, our examination of the case satisfies us that the court below properly found that the design in question was originally conceived and executed for the complainant corporation by its own agents, was its private property and retained as such, came to the knowledge of defendants Bunker and Lown through their confidential relations with complainant, and was filched by them for the purposes of competitive exploitation. The vice-chancellor properly held that this was a proper subject of injunctive relief.

It is argued, however, that the defendants, before bill filed, had applied for a patent on this design, and that pending the litigation this patent had been granted; and that these facts turn the controversy into a patent litigation, cognizable only in the federal courts. No such issue appears to have been raised on the pleadings, and we agree with the vice-chancellor in holding it irrelevant to the theory of the bill. That theory we understand to be, in substance, that the defendants, through their confidential relations with complainant, secured a design, its private property withheld presently from the public, and have undertaken to patent it as their own; that in so doing they are trustees *ex maleficio,* and, as such, accountable for illicit profits, and to be restrained by injunction from further use of complainant's property. No patent rights as such are here involved. What is involved is a trust arising by operation of law.

We think, however, that the appellants are right in claiming that the injunction is in some respects broader than is warranted. For example, it forbids "doing business with any customer or prospective customer," &c., of complainant. This is doubtless intended to be confined to business connected with the subject-matter of the suit, but is broad enough to include any business of whatever nature. A suitable modification should be made.

The restraint on employing or continuing to employ any agent or employe who left the employ of complainant, we think cannot be supported in its full scope. There seems to be nothing illegal or inequitable in giving employment to any former employe of complainant who left its service vol-

untarily and not as a result of enticement by the defendants. And even as to those that were enticed, and were at the time of the decree in the employ· of the defendant company, it is difficult to see how complainant will be benefited by a requirement that they be discharged, especially as they are not parties to the suit. We think this part of the injunction should be restricted to an inhibition on enticing any present employe of complainant; as to the others, the complainant may be left to its remedy at law.

An attack is also made on the clauses requiring an accounting of profits and reports from time to time of the business done by defendants. The argument seems to be that this is the rule of patent cases instead of that applicable in an ordinary equity suit. We do not understand that there is any distinction;. on the contrary, we take it that the general equitable rule is to require the wrong-doer to account for and pay over the profits of his wrong-doing.

With the minor modifications indicated above, the decree will be affirmed, with costs.

*For affirmance* — THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS—15.

*For reversal*—None.