## HAZELWOOD BREWING CO. v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. February 10, 1925.)

No. 3175.

1. **Intoxicating liquors ⬦⬦246—Cereal beverage company's retention of lawfully manufactured beer of unlawful alcoholic content after loss of its permit held not unlawful.**

Where cereal beverage company under permit manufactured beer of unlawful alcoholic content, and before such alcoholic content was reduced, so that beverage could be lawfully disposed of, lost its permit to engage in such business, *held*, its retention after that date of such beer was not unlawful.

2. **Appeal and error ⬦⬦1008(1)—Finding of tribunal charged with determination of questions of fact is final, unless plain and manifest error be shown.**

Finding of tribunal charged with determination of questions of fact is final, unless error plain and manifest be shown.

3. **Intoxicating liquors ⬦⬦250 — In libel by United States against beer, evidence held to sustain finding that claimant had made unlawful use of part of beer involved.**

In libel by United States under National Prohibition Act, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m) against beer in possession of cereal beverage manufacturer, evidence *held* to sustain finding that some of such beer had been used in violation of National Prohibition Act, and to warrant conclusion that claimant intended to use remaining beer in like unlawful manner.

In Error to the District Court of the United States for the Western District of Pennsylvania; Robert M. Gibson, Judge.

Libel by the United States against 3,835 barrels, more or less, of beer, 4,250 pounds of hops, more or less, and machinery and utensils; Hazelwood Brewing Company, claimant. Judgment for libelant, and claimant brings error. Affirmed.

William C. Jacob, of Pittsburgh, Pa., for plaintiff in error.

Walter Lyon, U. S. Atty., and George V. Moore, Sp. Asst. U. S. Atty., both of Pittsburgh, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. This writ brings here for review an order of the District Court condemning 3,835 barrels of beer and directing their destruction. The action is in rem and was instituted by a libel filed on behalf of the United States under authority of section 25 of the Na-

3 F.(2d)—46

tional Prohibition Act (41 Stat. 305; Comp. St. Ann. Supp. 1923, § 10138½m), asking for the condemnation and destruction of the named quantity of beer, a large quantity of hops, and many machines and utensils seized upon the premises of the Hazelwood Brewing Company, located at Pittsburgh, Pennsylvania. Pursuant to process of attachment and monition the company appeared and claimed the property.

[1] Some time before this proceeding was commenced, and while the company was operating under a permit to manufacture cereal beverages, its plant was seized on a search warrant and the doors sealed. On the facts developed at the hearing in that proceeding the court restored the brewery to the company. Before its return, however, the National Prohibition Director had revoked the company's permit. It then filed a petition for a permit, first, to reduce the alcoholic content of the beer already manufactured and in the vats and, then, to sell it; for beer, though necessarily of high alcoholic content in its early stage of manufacture, cannot be lawfully disposed of until, on permit, its alcohol has been reduced to a lawful content. But no permit to do this was ever granted. So there was a situation in which beer in the course of lawful manufacture for lawful use had reached the stage of a beverage prohibited by law and in the absence of a permit to finish the process by reducing the alcohol it could not be carried to the stage of a beverage permitted by law. As the company had made the beer under authority of law and was not permitted to reduce its alcohol and dispose of it, we find nothing unlawful in its retention. The trouble arose out of what happened afterward.

This concerns two transactions, with only one—that occurring about 3 o'clock in the morning of June 30, 1923—have we anything to do. As to this one, prohibition agents testified at the hearing in this case that, watching the brewery, they saw several trucks enter its yard and one truck leave it, and that they stopped this truck and found in it eleven barrels of beer which on analysis showed four per cent. of alcohol by volume. They also testified that in examining the brewery they found that the seals on the locks had not been broken but that the hinges on the doors had been tampered with. Opposed to this testimony the claimant produced several of its officers who denied knowledge of the removal of any beer or of any wrongful use of the brewery.

It also called the driver of the laden truck who testified that he obtained the beer from a freight car in the Glenwood freight yards and was carrying it to an indefinite place for delivery to unknown persons. The court disregarded his testimony as incredible. Therefore the case stood on the affirmative testimony for the Government against the negative testimony of the officers of the claimant. The court denied the prayer of the libel that the claimant's machinery and utensils be condemned, but, by the order here under review, granted the prayer that the beer in the vats be condemned and destroyed. The question is whether the order is valid.

[2, 3] This is a pure question of fact. When the law has charged a tribunal with the duty of hearing witnesses, examining testimony, and ascertaining facts, its determination is, and must be, a finality, unless error, plain and manifest, be shown. Metropolitan National Bank v. Rogers (C. C. A. 3) 53 F. 776, 779, 3 C. C. A. 666. The trial court was such a tribunal. We discover no error in its finding that some of the beer had been used in violation of the National Prohibition Act, nor do we discern error in its finding that the claimant intended to use the remaining beer in a like unlawful way, for the unlawful use of some of the beer having been shown, the court was warranted in concluding that, without any change in the situation, the claimant intended to continue the same course of conduct. Warner & Co. v. Lilly & Co., 265 U. S. 526, 531, 44 S. Ct. 615, 68 L. Ed. 1161; Barton v. Rex-Oil Co. (C. C. A. 3) 2 F.(2d) 402.

The judgment below is affirmed.