LEO J. GONCH, Respondent, v. REPUBLIC STORAGE COMPANY, INC., Appellant.

**Bailment — conversion — intoxicating liquors — no property right in whisky transported in violation of National Prohibition Act — owner may not recover from bailee for its conversion through lack of care.**

The owner of whisky shipped to New York in June, 1922, and placed in defendant's warehouse without obtaining the permit required by section 3 of the National Prohibition Act (41 Stat. 308) suffers no injury to a lawful property right by its conversion through the neglect of defendant and, therefore, is entitled to no damages. The liquor had been used in violating the statute and under section 25 thereof no property rights exist in liquor so used.

*Gonch* v. *Republic Storage Co., Inc.*, 218 App. Div. 584, reversed.

(Argued May 10, 1927; decided May 31, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 22, 1926, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

*Outerbridge Horsey* for appellant. The plaintiff's purchase, as well as importation, of the thirty barrels of whisky for the purpose of transhipment at the port of New York to the city of Mexico were prohibited by the National Prohibition Act, under the express provisions of which " no property rights shall exist in any such liquor; " therefore, the loss of the thirty barrels of whisky, whether by the defendant's negligence, or otherwise, caused the plaintiff no damage which he is entitled

to recover from the defendant. (*Anchor Line* v. *Aldridge,* 259 U. S. 80; *Cunard S. S. Co.* v. *Mellon,* 262 U. S. 100; *Grogan* v. *Walker & Sons,* 259 U. S. 80.)

*John T. Loughran* and *Robert H. Charlton* for respondent. Section 25 of the National Prohibition Act is merely a police regulation intended solely to protect government officials in their enforcement of the act and affords no excuse for defendant's private wrongdoing. (*People* v. *Otis,* 235 N. Y. 423.) Plaintiff's right to *de facto* possession of the whisky supports this recovery against defendant, whose negligence, as custodian of the property, caused the loss. (*Armstrong* v. *Sisti,* 242 N. Y. 440; *Averill* v. *Chadwick,* 153 Mass. 271; *Charles* v. *McCune,* 57 Mo. 166.) Since the whisky was in fact neither used nor intended to be used in violation of law, plaintiff might lawfully have been permitted to dispose of it, and is entitled to its market value. (*Boer* v. *Garcia,* 240 N. Y. 9; *Ciocca-Lombardi Wine Co.* v. *Fucini,* 204 App. Div. 392; *Coolidge* v. *Choate,* 11 Metc. [Mass.] 79; *Gulf C. &. S F. Ry. Co.* v. *Johnson,* 25 S. W. Rep. 1015.)

O'BRIEN, J. In the spring of 1922 plaintiff purchased thirty barrels of whisky in France and caused them to be sent to New York for the declared purpose of transhipment to Mexico. They arrived at New York in June and were stored in defendant's warehouse. Some time between June and September, twenty-seven of the barrels disappared and a judgment for failure to exercise reasonable care as bailee was entered against defendant. This judgment has been unanimously affirmed and, by permission of this court, the appeal is taken.

Plaintiff suffered no injury to a lawful property right and, therefore, is entitled to no damages. The whisky had no pecuniary value to him. Indeed, it had intrinsic value and thus could be the subject of larceny (*People* v. *Otis,* 235 N. Y. 421), but it was as worthless to plaintiff

as a gem in the sea. The National Prohibition Act deprived him of any property in it and forbade him to possess, transport, use or sell it. On May 15, 1922, a month before the whisky arrived at New York for the avowed purpose of transport to Mexico, the Supreme Court had announced that the transportation of intoxicating liquors from a foreign port, through some part of the United States to another foreign port is prohibited. (*Grogan* v. *Walker & Sons*, 259 U. S. 80.) Section 3 of title 2 of the act (Mason's U. S. Code, ch. 2, tit. 27, § 12) forbids the sale, transport or possession of any intoxicating liquor except as authorized in the act and provides that the statute shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented. Liquor for non-beverage purposes and wine for sacramental purposes may be sold, transported and possessed only as provided. By section 6 of title 2 (Mason's U. S. Code, ch. 2, tit. 27, § 16) no one may sell or transport any liquor without first obtaining a permit from the commissioner to do so. Section 25 of title 2 (Mason's U. S. Code, ch. 2, tit. 27, § 39) provides that it shall be unlawful to have or possess any liquor which has been used in violating the statute and declares that no property rights shall exist in any such liquor. Concededly, plaintiff did transport the liquor to New York without first obtaining a permit. None could lawfully have been issued. He could not, therefore, lawfully have or possess the whisky, for it had been used in violating the statute, and no property rights existed in it. In *Armstrong* v. *Sisti* (242 N. Y. 440, 452) we expressed doubt whether legal damage is sustained or may be proven for deprivation of property which the plaintiff may not legally hold, use or sell. Now the doubt is dispelled and we answer that no damage is sustained.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

Cardozo, Ch. J., Pound, Crane, Andrews, Lehman and Kellogg, JJ., concur.

Judgment accordingly.