### BOOTH v. STUTZ MOTOR CAR CO. OF AMERICA, Inc., et al.

Circuit Court of Appeals, Seventh Circuit.
February 27, 1928.

No. 3954.

1. **Patents** ⬤182—Bill by owner of new device, alleging defendants' use thereof after gaining knowledge of details by fraudulent representations, held to show grounds for equitable relief.

Bill by owner of new and useful device, alleging that defendants had induced him to supply them with details of invention by fraudulently representing that they desired to investigate device, with idea of obtaining right to use it, and that, after refusing to negotiate further, they used plaintiff's invention, *held* to show grounds for equitable relief.

2. **Courts** ⬤342—Plaintiff may join suit on patent and suit in equity for unwarranted use of invention (equity rule 26).

Under equity rule 26, owner of new device *held* to have right to join suit in equity for defendants' unwarranted use of his invention and suit on patent granted plaintiff on such device, and in interest of economy of time and effort such joinder should be made.

Appeal from the District Court of the United States for the District of Indiana.

Action by James Scripps Booth against the Stutz Motor Car Company of America, Inc., and others. From an order dismissing the bill for want of equity, plaintiff appeals. Reversed and remanded.

Frank C. Sibley, of Detroit, Mich., for appellant.

Solon J. Carter, of Indianapolis, Ind., for appellees.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. The District Court, on motion of defendants (appellees), dismissed, without opinion, plaintiff's (appellant's) bill for want of equity.

[1] The averments of the bill show that plaintiff was the owner of a new and useful device, upon the discovery and perfection of which he had spent years of time and much money; that defendants, by fraudulently pretending and representing that they desired to make careful investigation of the device with the idea of buying or otherwise obtaining the right to use it, and under the promise that they would keep all disclosures strictly secret and would not copy his blueprints or drawings, induced plaintiff to supply them with every detail of his invention, including all blueprints, drawings, etc.; that, after so receiving and keeping those things for a considerable time, defendants told plaintiff they did not care to negotiate further, but that, nevertheless, they did adopt, use, and embody in the Stutz automobile, of which the defendant corporation was the maker and the other defendants were officers and stockholders, plaintiff's invention, using, in so doing, the detailed information gained from the plans, drawings, and blueprints furnished them by plaintiff. If the defendants did the things charged, they were guilty of a breach of their undertaking, and actually appropriated to their use the product of plaintiff's labors and expenditures of money. We are of opinion that the complaint shows grounds for equitable relief.

[2] It appears that there is a suit pending on the patent granted plaintiff upon the device in question, for which the court compelled the bringing of a separate suit. It would seem that, under equity rule 26, plaintiff had the right to join his two causes of action, and, in the interest of economy of time and effort, it appears desirable that in this case that should be done.

The order of dismissal is reversed, and the cause remanded to the District Court, to proceed in harmony with this opinion.