## ORIENT INS. CO. et al. v. ARIASI.

Circuit Court of Appeals, Ninth Circuit.
October 8, 1928.

No. 5377.

Miller & Thornton, of San Francisco, Cal., for plaintiffs in error.

Roy L. Daily, of San Francisco, Cal., for defendant in error.

Before RUDKIN, DIETRICH, and HUNT, Circuit Judges.

RUDKIN, Circuit Judge. This was an action at law tried by the court without a jury by written stipulation of the parties. At the close of the testimony neither party challenged the sufficiency of the testimony to support a judgment in favor of the other, and no request of any kind was made for findings, either general or special. Later, the court, by written memorandum, ordered a judgment in favor of the plaintiff and against each of the defendants in a sum certain and directed the plaintiff to prepare findings and conclusions. Pursuant to this order, the plaintiff submitted findings. The defendants interposed objections to the findings submitted by the

plaintiff and proposed counter findings, and later amended counter findings. The court adopted the findings submitted by the plaintiff and entered judgment thereon in accordance with its previous memorandum. That judgment has been brought here for review.

The defendant in error earnestly insists that this court cannot consider the sufficiency of the testimony to support the findings in favor of the plaintiff below, because there was no challenge to the sufficiency of the testimony to support such findings during the progress of the trial; but this question we need not consider, because of error in rulings made by the court during the progress of the trial which were excepted to at the time and are embodied in the bill of exceptions. To a proper understanding of these rulings, a more extended statement of the facts becomes necessary.

The two policies in suit covered a stock of wine manufactured and unmanufactured and materials and supplies used for the manufacture of wine while contained in a certain winery in the city of Santa Rosa, Cal. At the time the policies were issued the defendant in error was the holder of a permit from the Prohibition Department for the year 1924 authorizing the manufacture of wines for nonbeverage purposes on bonded winery premises, subject to internal revenue laws; to tax-pay and remove the same from the winery only pursuant to permits to purchase; to transfer the same in bond from the winery to other bonded premises only pursuant to permits to purchase; and to sell the same for sacramental purposes and other nonbeverage purposes only pursuant to permits to purchase. On December 26, 1924, after hearing, an order was made by the department canceling the 1924 permit for the reason that the permittee had unlawfully disposed of wine in violation of the permit and the National Prohibition Act (27 USCA) and that he unlawfully possessed the same. While the proceedings for the cancellation of the 1924 permit were pending, a second permit, for the year 1925, bearing the same number was issued to the defendant in error, and, so far as the record discloses, no proceedings of any kind were taken for the cancellation of the latter. Whether the order of cancellation included both permits, as a matter of law, or whether the second permit remained in effect during the year 1925, is not deemed material. ■ On the foregoing facts the plaintiffs in error contend that the defendant in error had no property rights in the wine covered by the two policies at the time of its destruc-

tion by fire in June, 1925, and that for that reason there can be no recovery. Broadly speaking, their contention is that the cancellation of the permit ipso facto took away all property rights in the wine, and that it immediately became contraband and of no value. With this broad contention we are unable to agree. The wine was lawfully acquired and lawfully possessed under permit in the first instance, and its mere possession after the cancellation of the permit was not unlawful, nor were all property rights therein lost. Street v. Lincoln Safe Deposit Co., 254 U. S. 88, 41 S. Ct. 31, 65 L. Ed. 151, 10 A. L. R. 1548; Hazelwood Brewing Co. v. United States (C. C. A.) 3 F.(2d) 721. On the other hand, section 25, of Title 2, of the National Prohibition Act (27 USCA § 39) declares that it shall be unlawful to have or possess any liquor, or property designed for the manufacture of liquor, intended for use in violation of that title, or which has been so used, and no property rights shall exist in any such liquor or property. And if it should appear from the testimony that the wine in question was intended for use in violation of the National Prohibition Act, or had been so used at the time of its destruction by fire, the defendant in error had no property rights therein and there can be no recovery. Gonch v. Republic Storage Co., 245 N. Y. 272, 157 N. E. 136. ■ Furthermore, we are of opinion that the order of the department revoking or canceling the permit was prima facie evidence of the facts there found under the maxim, "Omnia præsumuntur legitime facta donec probetur in contrarium." People ex rel. Copcutt v. Board of Health, 140 N. Y. 1, 35 N. E. 320, 23 L. R. A. 481, 37 Am. St. Rep. 522. ■■ With the foregoing rules in mind, let us consider the testimony admitted by the court over the objection of the plaintiffs in error. On June 18, 1924, an information was filed in the court below charging the defendant in error with the maintenance of a common nuisance at the winery in question by unlawfully keeping certain wine there for sale on March 14 of that year. A second count charged the unlawful possession of a quantity of wine at the same time and place, and a third count charged the unlawful sale of wine at the same place in the preceding January. The United States also filed a libel in condemnation against 9,365 gallons of wine, the same being the wine covered by the policies of insurance in suit. On October 24, 1924, the information was dismissed without trial,

and on January 5, 1927, after the destruction of the wine by fire, a similar order was made without trial in the libel proceeding. On May 11, 1926, the Prohibition Administrator canceled as of March 1, 1926, a certain bond in the sum of $5,000, effective April 1, 1923, given by the defendant in error, whereon the United States Fidelity & Guaranty Company was surety. The defendant in error offered in evidence the order dismissing the information, the order or decree dismissing the libel, and the letter canceling the bond, and the same were admitted over objections and exceptions. The two orders of dismissal and the letter of cancellation were manifestly offered for the purpose of proving that the defendant in error had not violated the National Prohibition Act and that the wine was not subject to forfeiture because of any such violation. But it seems quite manifest to us that the orders had no such tendency, because an order of dismissal without trial adjudicates nothing and establishes nothing beyond the mere fact of dismissal. 34 C. J. 786. The letter canceling the bond given by the defendant in error was equally ineffective. The vital issue in the case, in our view, was whether, at the time of its destruction by fire, the wine was intended for use in violation of the National Prohibition Act, or had been so used; and in admitting the orders of dismissal and the letter of cancellation the court must have given them a consideration to which they were not properly entitled under the law. The rulings were erroneous, and it cannot be said that the errors were without prejudice, or that they did not affect the result.

The judgment is therefore reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.