## A. O. SMITH CORPORATION v. PETROLEUM IRON WORKS CO. OF OHIO.

## PETROLEUM IRON WORKS CO. OF OHIO v. A. O. SMITH CORPORATION.

### Nos. 6330, 6331.

Circuit Court of Appeals, Sixth Circuit.
Jan. 15, 1935.

For former opinion, see 73 F.(2d) 531.

George I. Haight, of Chicago, Ill., and A. C. Paul, of Minneapolis, Minn. (Maxwell & Ramsey, of Cincinnati, Ohio, Paul, Paul & Moore, of Minneapolis, Minn., E. A. Andrus and P. O. Dunham, both of Milwaukee, Wis., and M. K. Hobbs, of Chicago, Ill., on the brief), for A. O. Smith Corporation.

A. B. Stoughton, of Philadelphia, Pa. (John Walsh, James A. Richmond, and Louis A. Spiess, all of Washington, D. C., L. B. Coppinger, of Sharon, Pa., and Day & Day, of Cleveland, Ohio, on the brief), for Petroleum Iron Works Co.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

The petition for rehearing in case No. 6330 having been fully considered by the court, and it appearing that the matters therein urged were fully considered at the time the original opinion was prepared, the petition is hereby denied.

In case No. 6331 the petition for rehearing calls to the attention of the court the fact that the decree below provides for an injunction restraining the defendant from using any of the secret processes except those covered by patents, and further calls to the attention of the court that its opinion permits the dissolution of the injunction decreed below with respect to secret processes upon which patents have since issued. Subject to this permissive modification the decree in the secret process case was affirmed. This was on the ground that, after the granting of the patents, the rights of the plaintiff to the processes were limited to the terms of the grants. Upon reconsideration, however, it appears to us that, with respect to the defendant below, it having obtained the information as to the secret processes now covered by patents, through breach of confidence, it is not in position to question their validity, and that both upon authority and general equitable principles the plaintiff ought not to have the burden of suing for patent infringement when its proprietary rights in the processes have already been adjudicated as against the defendant.

It is therefore ordered that the final paragraph of the opinion be withdrawn and that the following paragraph be substituted:

The decree in No. 6330 holding the patent claims in suit invalid is affirmed. The decree in No. 6331 awarding an accounting and damages for appropriation of the plaintiff's secret processes and granting injunction against their infringement is modified by extending the injunction to all processes here involved, whether or not they are the subjects of granted patents, and, when so modified, is affirmed. There being but a single record in the two cases, the cost of its printing will be divided equally between the parties.