**SMOLEY v. NEW JERSEY ZINC CO.**
No. 6975.

Circuit Court of Appeals, Third Circuit.

Aug. 4, 1939.

[1] No question of innocence of the one pardoned was before the Court in the case just quoted from.

Addison C. Ely, of Westfield, N. J. (Nelson Littell and Albert C. Johnston, both of New York City, of counsel), for appellant.

Wm. H. Davis, Charles W. Riley, James B. Christie and W. Peters Blanc, all of New York City, for appellee.

Before BIGGS and MARIS, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal from a decree of the District Court for the District of New Jersey dismissing a suit in equity.

The plaintiff averred in his bill that in 1928 he invented an entirely new method of separating zinc from cadmium and lead by means of a rectifying column and the use of a continuous process of fractional distillation and rectification; that this method had been used in the refining of petroleum but had never been applied to metals; that he divulged his idea to employees of the defendant who wrongfully appropriated it; that foreign and domestic patents thereon were issued to defendant's employees and assigned to the defendant. He seeks a decree declaring the defendant a trustee ex maleficio of these patents and enjoining their exploitation by the defendant.

The defendant denied that the plaintiff made any disclosure to its employees and averred as an additional defense that the basic idea of the application of the principles of rectification to metals was not novel at the time of the alleged disclosure by the plaintiff.

The trial court in its opinion pointed out that the testimony as to the alleged disclosures by the plaintiff was conflicting and it found that the plaintiff's alleged disclosure was insufficient to enable the defendant to appropriate and practice his idea. As we have frequently stated, the findings of a tribunal charged with the duty of determining the facts are not to be disturbed if supported by substantial evidence. Canfield v. Blaw-Knox Co., 3 Cir., 98 F.2d 805; Frank v. Atwood, 3 Cir., 75 F.2d 918; Gill v. Benjamin Franklin Realty & Holding Co., 3 Cir., 43 F.2d 337; Wald v. Longacre, 3 Cir., 34 F.2d 25; Hazelwood Brewing Co. v. United States, 3 Cir., 3 F.2d 721.

The evidence also fully supports the finding of the District Court that at the time of the alleged disclosure the plaintiff's idea was not novel. Consequently, even if he had succeeded in convincing the trial court that he had disclosed his idea to the defendant's employees, he still failed to sustain the burden upon him of proving that the idea was novel. This it was necessary for him to do in order to impose an implied agreement upon the defendant to refrain from its use.

The decree of the court below is affirmed.