## BOHLMAN v. AMERICAN PAPER GOODS CO.

### Civil Action No. 403.

District Court, D. New Jersey.
Dec. 6, 1943.

Rehearing Denied Jan. 10, 1944.

Drewen & Nugent, of Jersey City, N. J., for plaintiff.

McCarter, English & Egner, of Newark, N.J., for defendant.

SMITH, District Judge.

This is a civil action which has for its objects: First, the impression of a trust ex maleficio upon a patent, the subject matter of which is an invention allegedly disclosed by the plaintiff to the defendant and wrongfully appropriated by the latter to its own use; second, the restraint of the further use and exploitation of the invention; and third, an accounting for illicit profits and a recovery for damages. The defendant urges, as a defense to the action, the failure of the plaintiff to apply for a patent, and the public use of the invention for a period of two years after its alleged disclosure.

This action is before the Court at this time on a motion for summary judgment filed by the defendant pursuant to Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and is submitted on the pleadings, the bill of particulars, and an affidavit. The motion is predicated solely upon the said affirmative defense which is stated in the defendant's answer. There is no genuine issue as to the facts, to wit, the failure of the plaintiff to apply for a patent, and the public use of the invention, but their legal consequence is disputed. The only question presented for decision is one of law, which must be decided in favor of the plaintiff.

It seems reasonably clear, not only from the answer, but from the brief filed in support of the present motion, that the defendant has misconceived the nature of the suit. The plaintiff asserts no right under the patent law, but asserts a right of property in his invention, a right clearly cognizable under the common law and independent of statute, which he alleges the defendant fraudulently appropriated to its own use, in breach of their contract and in violation of their trust relationship. The plaintiff, as the inventor, has a right independent of the patent law, to make, use, and vend his invention, and no statutory provision is, or ever has been, essential to this right. Crown Die & Tool Co. v. Nye Tool & Machine Works, 261 U.S. 24, 35, 43 S.Ct. 254, 67 L.Ed. 516; Motion Picture Patents Co. v. Universal Film Co., 243 U.S. 502, 510, 37 S.Ct. 416, 61 L.Ed. 871, L.R.A.1917E, 1187, Ann.Cas.1918A, 959; Bauer & Cie v. O'Donnell, 229 U.S. 1, 10, 33 S.Ct. 616, 57 L.Ed. 1041, 50 L.R.A.,N.S., 1185, Ann.Cas.1915A, 150; Continental Paper Bag Co. v. Eastern Paper Bag Co., 210 U.S. 405, 424, 28 S.Ct. 748, 52 L.Ed. 1122; Chemical Foundation v. General Aniline Works, 3 Cir., 99 F.2d 276, and other cases hereinafter cited. If, as the plaintiff alleges, the defendant fraudulently appropriated the invention to its own use (and there is no evidence to the contrary before the Court at this time), the right of the plaintiff to maintain this action is not open to question. The right of the inventor to invoke the protection of the court to enforce his right of property in the invention and to redress the wrong occasioned by its invasion has long been recognized. Becher v. Contoure Laboratories, 2 Cir., 29 F.2d 31, affirmed 279 U.S. 388, 49 S.Ct. 356, 73 L.Ed. 752; Chesapeake & O. Ry. Co. v. Kaltenbach, 4 Cir., 95 F.2d 801; Hoeltke v. C. M. Kemp Mfg. Co., 4 Cir., 80 F.2d 912; Booth v. Stutz Motor Car Co., 7 Cir., 56 F.2d 962; Id., 7 Cir., 24 F.2d 415; Allen-Qualley Co. v. Shellmar Products Co., D.C., 31 F.2d 293, affirmed, 7 Cir., 36 F.2d 623; Smoley v. New Jersey Zinc Co., D.C., 24 F.Supp. 294, affirmed, 3 Cir., 106 F.2d 314; Irving Iron Works v. Kerlow Steel Flooring Co., 96 N.J.Eq. 702, 126 A. 291.

The public use of the invention for a period of two years may, under the provisions of the statute, R.S. § 4886, 35 U.S.C.A. § 31, effectively bar an application for a patent, but this statutory prohibition is no defense to the present action. The public use of the invention for the statutory period, acquiesced in by the plaintiff, may, as the defendant contends, constitute an abandonment of the invention, but this abandonment is only to the public. The only use of which there is any evidence before the Court at this time is the use by the defendant, which the plaintiff alleges was fraudulent and in violation of a written contract. It seems obvious that to permit the defendant to avail itself of this use would be inequitable. The defendant, by its agreement with the plaintiff, has surrendered its privilege as a member of the public, and is estopped by its alleged fraudulent conduct from asserting such privilege against the plaintiff. Picard v. United Aircraft Corp., 2 Cir., 128 F.2d 632, 637; Shellmar Products Co. v. Allen-Qualley Co., 7 Cir., 87 F.2d 104, 107; A. O. Smith Corp. v. Petroleum Iron Works Co., 6 Cir., 74 F.2d 934, 935; Cf. Shaw v. Cooper, 7 Pet. 292, 320, 8 L. Ed. 689.

The motion for summary judgment is dismissed.

NOTE.—The defendant urges the statutory period of two years prescribed by the statute prior to the amendment of August 5, 1939.

### On Petition for Rehearing.

This action is before the Court at this time on a petition for rehearing filed herein by the defendant. The petition alleges that the decision of the Court on the defendant's motion for summary judgment was "predicated upon the presumption of fraud on the part of the defendant." A reading of the opinion filed herein on December 6, 1943, will disclose that the allegation is clearly erroneous.

The motion for summary judgment was based entirely on the "Tenth Defense", in which the defendant urged, as a defense to the action, the failure of the plaintiff to apply for a patent, and the public use of the invention for a period of two years after its alleged disclosure. We held, and we repeat, that the "public use of the invention for a period of two years may, under the provisions of the statute, R.S. § 4886, 35 U.S.C.A. § 31, effectively bar an application for a patent, but this statutory prohibition is no defense to the present action." This determination was not predicated upon a "presumption of fraud", as alleged in the present petition.

The present petition presents, as did the defendant's brief in support of the motion for summary judgment, issues of law and fact which can be determined only after a full hearing of the case on the merits. These issues cannot be decided on affidavit, as the defendant seems to think. The decision of the Court on the motion for summary judgment was intentionally confined to the only issue of law then presented.

The petition for rehearing is denied.