(March 22, 1946.)

JOHN A. MULLIGAN, as Administrator of the Estate of THOMAS MULLIGAN, Deceased, Appellant, v. THOMAS C. MULLIGAN et al., Respondents.

*Per Curiam.* The corporations are indispensable parties and should be brought in (Civ. Prac. Act, § 193, subd. 1; *City Equity Co.* v. *Elm Park Realty Co.*, 135 App. Div. 856). Accordingly, the order appealed from should be reversed, and the motion to confirm the report of the official referee denied on the ground that a complete determination of the controversy cannot be had without joining the corporations. The denial is not on the merits, as the minutes of the trial before the referee are not before us.

Appellant says that he has no additional evidence to adduce. To avoid unnecessary expense, after the corporations have been joined the parties may stipulate to rest on the present record of the trial and such additional evidence as any party may adduce, so that the controversy may be reviewed on the merits with all necessary parties before the court.

The order appealed from should be reversed, without costs, and the motion to confirm the report of the official referee denied without prejudice to renewal after proceedings in accordance with this opinion.

Martin, P. J., Dore, Cohn and Peck, JJ., concur.

Order unanimously reversed, without costs, and the motion to confirm the report of the official referee denied without prejudice to renewal after proceedings in accordance with opinion. Settle order on notice.