JULIUS LAKOFF, Plaintiff, *v.* LIONEL CORPORATION et al.,
Defendants.

Supreme Court, Special Term, New York County, January 27, 1955.

*Henry H. Held* and *I. Walton Bader* for plaintiff.

*Nathan H. Elman* for Lionel Corporation and another, defendants.

*John M. Cole,* defendant in person.

MATTHEW M. LEVY, J. This is a motion by the plaintiff to strike the first and second defenses contained in the answers, and also to dismiss the counterclaim in the answer of the corporate defendants. The defenses are attacked for insufficiency (Rules Civ. Prac., rule 109, subd. 6); and the counterclaim is attacked for insufficiency, as not properly interposable, because another action is pending, and in that the court should in its discretion refuse to entertain the cause for declaratory judgment. (Rules Civ. Prac., rule 109, subds. 3, 4, 5; rule 110, subds. 3, 4; rule 212.)

The action is at law for damages, and four causes are pleaded — the first three in tort and the fourth to recover as third-party beneficiary on a contract. In the first cause of action set forth in his complaint, the plaintiff alleges in substance: that he invented a low-priced stereo camera and stereo viewer embracing the idea of placing four sets of two pictures in juxtaposition; that he presented and disclosed the idea, drawings and materials to the defendant Cole, a patent attorney, acting as the plaintiff's attorney; that at that time Cole was also the patent attorney of the defendant Lionel which had interests adverse to the plaintiff, but which Cole failed to reveal to him; that in violation of his professional duty, Cole communicated the fact to Lionel that plaintiff had developed the camera and viewer, and Cole made the drawings and material available to the corporate defendants (Linex was a wholly-owned subsidiary of Lionel); that as a result of this unauthorized disclosure, the defendants were enabled to and did misappropriate the plaintiff's invention by placing a camera and viewer on the market in which the strip of material upon which the photographs are displayed consists of four sets of two pictures in juxtaposition; that the plaintiff had not consented to such disclosure or use; and that prior thereto the defendants had no independent knowledge of the plaintiff's invention.

In the second cause of action the same facts are pleaded, save that this count is based upon the additional allegation that Cole was at the time the agent of the corporate defendants, of which fact Cole failed to advise the plaintiff. The third cause of action is grounded upon the same facts, and recovery is sought upon the basis of an alleged conspiracy by the defendants to misappropriate the plaintiff's invention. The fourth cause of action also proceeds upon the same facts, with the additional allegations that when Cole communicated the plaintiff's invention to the corporate defendants he informed them that this information was in the strictest confidence, and that the defendants would not be authorized to utilize the invention without compensating the plaintiff. The complaint has been sustained at Special Term (N. Y. L. J., July 19, 1954, p. 2, col. 6) and in the Appellate Division (284 App. Div. 876).

The first defense interposed in the answers of both the individual and corporate defendants is to the effect that the plaintiff's invention was not original or novel but was fully and completely known by reason of disclosure in patents and other literature available at the time to the general public. The question now before me is whether this defense should be stricken for insufficiency (Rules Civ. Prac., rule 109, subd. 6).

I believe that the defendants are entitled to show upon the trial (if it be the fact) that the information, which the plaintiff claims he sought to protect by virtue of confidence only, was not in fact confidential information in that it called attention to a fact already publicly known. That can be shown by the defendants on the basis and in support of their denial of paragraph " Twenty-Second " of the complaint, wherein it is alleged " That prior to the time that the defendants knew of plaintiff's invention they had no independent knowledge thereof." But I do not believe that the affirmative defense as pleaded is a complete defense to the several causes of action set up in the complaint. There is no allegation that the plaintiff copied his invention from others. There is no allegation that the defendants had independent knowledge of the identical invention prior to the plaintiff's disclosure to them (*Smoley* v. *New Jersey Zinc Co.*, 24 F. Supp. 294, 300, affd. 106 F. 2d 314).

The gravamen of the action is the grave fiduciary relationship between attorney and client. The plaintiff alleges that the defendant Cole as the plaintiff's attorney had failed to disclose to the plaintiff material information in regard to his representation of the principal corporate defendant, and had unauthorizedly disclosed to the corporate defendants specific

information and data relating to the plaintiff's invention. It may be that the plaintiff's material was valueless, but, as was expressed by the court in *Du Pont Powder Co.* v. *Masland* (244 U. S. 100, 102), "Whether the plaintiffs have any valuable secret or not the defendant knows the facts, whatever they are, through a special confidence that he accepted. * * * If there is any disadvantage in the fact that he knew the plaintiffs· secrets he must take the burden with the good." Novelty is, of course, essential to patentability (U. S. Code, tit. 35, §§ 101, 102; *Wood-Paper Patent,* 90 U. S. 566, 593; *Smith* v. *Nichols,* 88 U. S. 112, 118–119; *Seymour* v. *Osborne,* 78 U. S. 516, 555–556) but, as stated in the opinion of Special Term (when holding the present complaint sufficient), "Whether or not the invention was patentable, disclosure thereof in breach of confidence is actionable" (N. Y. L. J., July 19, 1954, p. 2, col. 6) citing *Becher* v. *Contoure Labs.* (279 U. S. 388, 391). Having accepted the confidence of specific information and documents from the plaintiff, the defendants were under obligation to respect that confidence — by not utilizing the data or by compensating the plaintiff for the use thereof. (Cf. *Allen-Qualley Co.* v. *Shellmar Products Co.,* 31 F. 2d 293, affd. 36 F. 2d 623.) I hold the first affirmative defense presently insufficient on its face, and it is accordingly stricken.

The question next to be considered is the sufficiency of the second defense (Rules Civ. Prac., rule 109, subd. 6). This defense, interposed only in the answer of the corporate defendants, is based on the allegations that long prior to the time mentioned in the complaint these defendants had acquired from other inventors the rights to their invention, which was similar to the plaintiff's claimed discovery, and that it was the contrivance thus first acquired which the defendants had developed, and that dispute has arisen as to whether the camera and viewer are the invention of the plaintiff or of the parties with whom the defendants had contracted. I hold the second defense as pleaded equally insufficient to constitute a full legal response to the causes of action set up in the complaint. In addition to the defects pointed out with respect to the first defense, other omissions may be noted here.

There is no allegation that the defendants had acquired a property to the identical idea or invention prior to the time the subject matter had been imparted to them by the plaintiff. (*Canfield* v. *Blaw-Knox Co.,* 98 F. 2d 805.) There is no allegation that the plaintiff's invention was not original with him (*Smoley* v. *New Jersey Zinc Co.,* 106 F. 2d 314, *supra; De Filip-*

*pis* v. *Chrysler Corp.*, 53 F. Supp. 977, 980–981, affd. 159 F. 2d 478, certiorari denied 331 U. S. 848) or that the idea behind it was known to him by reason of public information as to the subject matter of the allegedly earlier invention. (Cf. *Soule* v. *Bon Ami Co.*, 201 App. Div. 794, affd. 235 N. Y. 609.) I am of the view that this defense as pleaded is no better than the first defense, and it must accordingly be stricken. Of course, in deciding that the affirmative matter is insufficient on its face to constitute a complete defense to the plaintiff's suit, I do not mean to say here (any more than when I struck the first affirmative defense) that such matter is not admissible or provable under the denials contained in the answer.

The next and final branch of the motion requiring determination is the attack upon the counterclaim (Rules Civ. Prac., rule 109, subds. 3, 4, 5; rule 110, subds. 3, 4; rule 212). It is interposed by the corporate defendants, and is *in haec verba* as the second affirmative defense. By way of this counterclaim the defendant corporations seek a declaratory judgment adjudicating the legal rights and relations of the plaintiff on the one hand, and of the defendants' claimed earlier contractors-inventors on the other, with respect to which of them is the inventor of the stereo camera and stereo viewer. The counterclaim is dismissed.

It is not clear how the contested rights can be adjudicated here, in the absence of one of the parties claiming the invention in issue. (Cf. *Mulligan* v. *Mulligan*, 270 App. Div. 836.) Moreover, a resolution of the disputed issues in this action is all that the defendants need for their protection (cf. *Slowmach Realty Corp.* v. *Leopold*, 236 App. Div. 330). Actually, the question of prior rights is reflected in the denials, since the invention of the defendants' contracting parties is one of the elements in support of the claim that the plaintiff imparted nothing novel. Thus, the defendants' prayer for a declaratory judgment would require a determination of the same facts which would resolve the issues of the complaint. For this reason, it appears to me that the remedy at law is as adequate as the equitable and extraordinary remedy of declaratory judgment. The plaintiff should not be deprived of his right to a jury trial by the interposition of a counterclaim of this nature. Under all the circumstances, I do not think the counterclaim can or should be entertained. " If, in the opinion of the court, the parties should be left to relief by existing forms of actions, or for other reasons, it may decline to pronounce a declaratory judgment, stating the grounds on which its discretion is so exercised." (Rules Civ.

Prac., rule 212; *Tropp* v. *Knickerbocker Vil.*, 205 Misc. 200, 206, affd. 284 App. Div. 935; *Bentrovato* v. *Crinnion*, 206 Misc. 648, 652.)

The motion to strike the affirmative defenses and to dismiss the counterclaim is granted, with leave to defendants to serve an amended answer as to the defenses within ten days after service of the order to be entered hereon with notice of entry thereof.

Order signed.