On proceedings to revoke a liquor tax certificate, the court will direct a referee to proceed with the hearing from day to day, and terminate the same by a given date, pending which sales of liquor will be enjoined.

Action by Patrick W. Cullinan, state commissioner of excise, against Leonaido Sabating. Motion to enjoin respondent from selling liquors under a liquor tax certificate pending proceedings to revoke the same. Ordered accordingly.

Herbert H. Kellogg (Chas. P. Sanford, of counsel), for petitioner. Lawrence G. Goodhart, for respondent.

BLANCHARD, J. This is a motion to enjoin respondent from trafficking in liquors under her liquor tax certificate until the determination of this proceeding to revoke said certificate. The affidavits show that petitioner introduced six witnesses, whose testimony occupied not more than an hour and a half; that respondent's cross-examination of these witnesses has occupied part of six hearings, and all of six additional hearings, and that she has occupied twelve other hearings by calling witnesses whose testimony tends only to show that these witnesses knew of no such violations of law as were testified to by petitioner's witnesses. Respondent's cross-examination and examination of her own witnesses contain much immaterial and irrelevant matter. Section 28 of the liquor tax law (Laws 1896, p. 69, c. 112) confers upon the court power to make the order requested. The present facts, however, call for an order hastening the reference. Proceedings upon the petition of the commissioner of excise are summary in their nature, and delay defeats the intention of the statute. Matter of Cullinan v. Devito (Sup., July 26, 1905), 99 N. Y. Supp. 976. An order will be made directing the referee to proceed with his hearings from day to day and terminate the same on or before January 31, 1906.

Ordered accordingly.

---

### WILLIAMS et al. v. GETMAN.

(Supreme Court, Appellate Division, Third Department. June 27, 1906.)

1. APPEAL—DISMISSAL OF COMPLAINT—ALLEGATIONS TAKEN AS TRUE.

Where the complaint is on defendant's motion dismissed as not constituting a cause of action, the facts therein alleged must on appeal be taken as true.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error. § 3748.]

2. LANDLORD AND TENANT—INTERFERENCE WITH BUSINESS OF LESSEE—ACTION—COMPLAINT—SUFFICIENCY.

A complaint alleging that plaintiffs rented of defendant a hall for a particular business, and fitted it up therefor, and while carrying on such business in a proper manner were, at the instigation of defendant, perpetually enjoined from carrying the business on, on the pretense that cer-

99 N.Y.S.—62

tain tenants of the lower floors of the building were prior tenants, and that the business carried on by plaintiffs (a skating rink) was detrimental to such prior tenants' business, and an improper use of the hall, stated a cause of action.

3. SAME—PAYMENT OF RENT AFTER GRANTING OF INJUNCTION—EFFECT.

The fact that rent was paid for some months after the perpetual injunction was granted did not change the situation.

Appeal from Special Term.

Action by Silas K. Williams and another against David Getman, Jr. From a judgment dismissing the complaint, and from an order denying a motion for a new trial, plaintiffs appeal. Reversed.

This is an appeal by the plaintiffs from a judgment dismissing their complaint upon a trial before the court and a jury, and the order denying their motion for a new trial upon the minutes of the court. The complaint showed that the defendant rented to the plaintiffs "Choral Hall" for a term at a monthly rental, with the agreement that the same shall be used as a skating rink; the defendant to put a hard wood maple floor in the hall, and keep the same in condition. They entered into possession, spent about $1,500 in making the necessary repairs and improvements, and began using the hall as a skating rink, and were receiving a profitable patronage. The first and second floors of the building presumably under said hall had been previously leased by the defendant to Weed & Willoughby as a dry goods store, and two days after the skating rink was opened the said Weed & Willoughby, at the instigation and request of the defendant, commenced an action against the plaintiffs, alleging that the noise of the skating rink annoyed and disturbed them in the possession of their property under the lease, and was detrimental to their business, and that the use of said building as a skating rink was a nuisance, and that their right to the first and second floors of the said building was paramount by the terms of their said lease, and that they were in possession, conducting their store, at the time of the plaintiffs' lease, and they prayed an injunction, and obtained a temporary injunction restraining the use of said hall as a skating rink. The plaintiffs notified the defendant of said action, and requested him to defend it, which he neglected to do. They defended same, but it resulted in an adjudication in favor of the plaintiffs therein, to the end that the plaintiffs were evicted from said hall for the purpose of using the same as a skating rink, and enjoined perpetually from using the same for that purpose, and they were charged with costs of $97. Thereafter plaintiffs paid $50 rent, although deprived of the use of the hall. It also appears that the skating rink was "in all things properly conducted and used, and no more noise was made therein or came therefrom, except such as usually and naturally comes from the use of a hall as a skating rink." The defendant answered, a jury was impaneled and sworn, and the complaint was then dismissed upon the defendant's motion, as not constituting a cause of action.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Arleigh D. Richardson (Henry V. Borst, of counsel), for appellants. William C. Mills (J. Keck, of counsel), for respondent.

PER CURIAM. Taking the facts as alleged in the complaint as true, as we must for the purposes of this appeal, it is clear that a cause of action was alleged. The plaintiffs rented the hall for a particular business, fitted it up for that business, and were carrying on the business in a proper manner, with no more noise than is necessary and usual in that business. At the instigation of the lessor, they were perpetually enjoined from carrying on that business, on the pretense that Weed & Willoughby were prior tenants of the floors below, and that the business carried on above was detrimental to their business, and an improper

use of the hall. The fact that rent was paid for some months after the perpetual injunction was granted does not change the situation. The plaintiffs were deprived of the real benefit which they had intended to derive from the lease, and the defendant is rsponsible for such interference with their business. The judgment should therefore be reversed, and a new trial granted, with costs to the appellants to abide the event.