In the Matter of the Application of ROBERT WALTON GOELET, Appellant, for a Peremptory Order of Mandamus against PAUL Moss, Commissioner of Licenses of the City of New York, Respondent.

First Department, October 30, 1936.

*Charles R. Barrett* of counsel [*Edward G. Bathon* with him on the brief; *Regan & Barrett*, attorneys], for the appellant.

*Charles C. Weinstein* of counsel [*Paxton Blair* and *William S. Gaud, Jr.*, with him on the brief; *Paul Windels, Corporation Counsel*], for the respondent.

TOWNLEY, J. The petitioner herein desires to build four new buildings on property in his control on Park avenue between Fifty-third and Fifty-fourth streets. Three of the buildings are to

be one-story structures for stores and shops fronting on Park avenue and on the side streets. The fourth building is to be used as a motion picture theatre having a seating capacity of about 600. This theatre is to be erected eighty feet from the Park avenue building line, will have its main entrance on Fifty-third street and will be accessible from Park avenue through a promenade twenty feet wide.

On April 22, 1936, the petitioner applied to the commissioner of licenses of the city of New York for approval of the site of the theatre above described. Defendant thereafter held hearings on the application. Various real property owners in the neighborhood appeared and opposed the granting of the application. On May 8, 1936, the defendant refused the license. At the hearing the objections were predicated solely on the ground that the erection of a theatre upon the site would depreciate real estate values in the neighborhood. The character of the petitioner was in no wise assailed and there are no facts in this record from which it would be fair to conclude that a theatre at this point would endanger public welfare, public safety, public health or public morals.

It is conceded that the Zoning Laws of the City of New York would not be violated by erecting a theatre as desired. The opposition has taken the form of an argument that " logical city planning would preclude the introduction of a motion picture theatre or any other type of theatre in this particular area, and in the absence of any existing city plan * * * every effort should be made to maintain and preserve this section of Park avenue as a high class residential and retail business thoroughfare by excluding this motion picture theatre." (Testimony of the president of The Fifth Avenue Association, Inc., on the record.) The same type of opposition was offered on the return to the order to show cause praying for a peremptory order of mandamus.

We hold that the Zoning Law is the controlling authority as to what uses the owners may make of their property in a given district. That law takes into consideration the property values in the district and the uses to which the property may be put. Whether the erection of a theatre in a space which has been left free by the law for such purposes would depreciate property values is not a matter of concern of the commissioner of licenses of the. city of New York. As was said in *Matter of Larkin Co.* v. *Schwab* (242 N. Y. 330): " In considering the power to issue a mandamus order for license, permit or consent, the courts must take into consideration the limits of the discretion which under the statute or ordinance is vested in the administrative body. Refusal to grant a permit

must be considered arbitrary where based solely upon grounds which under the statute the administrative body may not consider."

The effect of the act of the commissioner of licenses in this case is to interfere in the administration of the zoning laws and ordinances. The decision below grants a negative and discretionary exception upon the law.

The commissioner of licenses relies upon the Greater New York Charter, sections 640 and 641, and section 33 of chapter 3 of the Code of Ordinances of the City of New York. What is granted to the commissioner of licenses under section 33 is the power to " pass upon the location of the theatre and upon the character of the applicant for the license without delay." The denial of the permit by the commissioner of licenses in this proceeding brings up for review the limits of discretion granted to him under this section. We think the charter and ordinances show no intention of mixing police duties and zoning duties when the commissioner passes on applications for this sort of license. The history of the statutes governing the licensing of theatres in this community confirms our opinion that the duty of the licensor is to consider the question from the standpoint of public health, safety and morals only and not as a problem in city planning.

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted.

Martin, P. J., McAvoy, O'Malley and Glennon, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion granted. Settle order on notice.