In the Matter of WALTER READE, Petitioner, against PAUL MOSS, as Commissioner of Licenses of the City of New York, Respondent.

Supreme Court, Special Term, New York County, November 9, 1945.

*Solomon Goodman* for petitioner.

*Ignatius M. Wilkinson, Corporation Counsel (Charles C. Weinstein* and *Irving Koufax* of counsel), for respondent.

SHIENTAG, J. This is an application for an order directing the Commissioner of Licenses of the City of New York to issue to the petitioner a site approval to operate and maintain a motion-picture theatre in property located on the southeast corner of 59th Street and Park Avenue in the borough of Manhattan, New York City.

The application was made to the License Commissioner on August 21, 1945. On September 5, 1945, the Superintendent of Buildings of the Borough of Manhattan wrote to the Commissioner of Licenses that the property involved was in a retail use district where motion-picture theatres are permitted. On September 12, 1945, the Department of Housing and Buildings issued a permit for alterations on the lower floor of the building so as to provide for the construction of a motion-picture theatre. On October 16, 1945, the Commissioner of Licenses held a hearing on the application. Certain large real estate and business interests appeared in opposition. Nothing, however, was shown that reflected in any way upon the character of the applicant. Nor did it appear that the location of the theatre conflicted with considerations of health, safety or morals. The burden of the opposition was that the area should be rezoned so as to prohibit the erection of motion-picture theatres therein.

The opposition was upon grounds on which the Commissioner of Licenses had no power to act (*Matter of Goelet* v. *Moss,* 248 App. Div. 499, affd. 273 N. Y. 503). However, on October 18, 1945, he denied petitioner's application. In his affidavit in opposition to this application the Commissioner of Licenses states: " It has been called to my attention that there is now pending before the City Planning Commission a resolution to rezone the use area in which the petitioner's proposed theatre is to be located. The contemplated change is from a retail district, wherein the maintenance of a motion picture theatre is permitted, to a restricted retail district in which the operation of a motion picture theatre is prohibited. The City Planning

Commission held a public hearing on October 24, 1945 on this resolution and adjourned the matter for further consideration. I am informed that it is the practice of the Commission to dispose of such matters at the following meeting which, in this case, is set for November 7, 1945.''

The Commissioner then concludes: '' Under the circumstances, I have considered it my duty as Commissioner of Licenses to refuse at this time to approve the site as requested by the petitioner. In the event that the proposed rezoning of the area in question is not approved by the City Planning Commission, or if approved by said Commission is later disapproved by the Board of Estimate, I should be inclined to give renewed consideration to the petitioner's application.''

The Commissioner of Licenses, I believe, has misapprehended the scope of his power. He is required under the law to act on the petitioner's application '' without delay '' (Administrative Code, § B32-25.0) and in accordance with the zoning regulations then in effect. He had no right to deny the application because the City Planning Commission and the Board of Estimate might thereafter change those zoning regulations.

The legal situation remains unchanged although on November 7, 1945, the City Planning Commission did adopt a rezoning resolution along the lines referred to by the Commissioner of Licenses in his opposing affidavit. The rezoning does not become legally effective until the resolution of the City Planning Commission has been filed with the Board of Estimate and thirty days thereafter have elapsed without adverse action by the board in the manner provided by section 200 of the New York City Charter (1938).

The petitioner is now entitled to favorable action on his application. What legal problems may arise, if and when the rezoning becomes effective, this court is not called upon to anticipate (cf. *Robitzek Investing Co.* v. *Colonial Beacon Oil Co.*, 265 App. Div. 749, 755).

The application is accordingly granted and the Commissioner of Licenses of the City of New York is directed to issue to the petitioner an approval of the site of the proposed theatre as requested. Settle order which shall provide for a stay of five days.