In the Matter of BROOKLYN PARKING CORP., Petitioner, against JOHN M. CANNELLA, as Commissioner of Licenses of the City of New York, Respondent.

Supreme Court, Special Term, Kings County, December 17, 1948.

*Walter Lubarsky* for petitioner.

*John P. McGrath, Corporation Counsel (Morris W. Weiner* and *Aaron Arnold* of counsel), for respondent.

FROESSEL, J. This is a proceeding, pursuant to article 78 of the Civil Practice Act, to compel the respondent, the commissioner of licenses of the city of New York, to issue to the petitioner a parking lot license for the year 1948–1949.

Petitioner, who is the lessee of vacant land at 32–36 Clinton Street, Brooklyn, which is situated in a business use district and zoned as such, obtained from the department of housing and buildings a certificate of occupancy in connection with the parking and storage of more than five motor vehicles and thereafter applied for a license to operate this vacant land as a parking lot. After a hearing, the application was denied without opinion.

However, in the affidavit in support of the answer to the petition herein, the respondent states that the reasons given by residents who opposed the application were: (1) noises would

emanate from the operation of a parking lot in this area; (2) traffic hazards would present themselves on Clinton Street, which is a one-way street; (3) traffic congestion would result because of the necessity of automobiles waiting in line to get into the parking lot; (4) the residential character of the neighborhood would be impaired and deteriorate, and (5) there is no need for additional parking lot facilities in this area because of facilities now afforded by the City of New York at Cadman Plaza, which provides for 497 cars and is located nearby.

These reasons would be appropriate if presented to the board of estimate and apportionment, which recently changed the zone of this area to business, wherein parking lot use is permitted. Such change having been made by the legislative body, and the certificate of occupancy having been issued as aforesaid, the residential character of the neighborhood can hardly be a valid reason for refusing a license for the use permitted by the zoning laws. As was said in *Matter of Goelet* v. *Moss* (248 App. Div. 499, 500, affd. 273 N. Y. 503): "We hold that the Zoning Law is the controlling authority as to what uses the owners may make of their property in a given district. That law takes into consideration the property values in the district and the uses to which the property may be put. Whether the erection of a theatre in a space which has been left free by the law for such purposes would depreciate property values is not a matter of concern of the commissioner of licenses of the city of New York." (Citing and quoting from *Matter of Larkin Co.* v. *Schwab,* 242 N. Y. 330, 335.) Nor may the respondent base his refusal on traffic conditions as, e.g., that Clinton Street is a one-way street. It is common knowledge that a great many parking lots in the borough of Manhattan are located on such streets. These conditions constitute a police problem.

Quoting again from the *Goelet* case (*supra,* p. 501): "We think the charter and ordinances show no intention of mixing police duties and zoning duties when the commissioner passes on applications for this sort of license. The history of the statutes governing the licensing of theatres in this community confirms our opinion that the duty of the licensor is to consider the question from the standpoint of public health, safety and morals only and not as a problem in city planning."

In *Matter of Picone* v. *Comr. of Licenses* (241 N. Y. 157, 161) the question of law was presented whether a fit and proper applicant may be denied a junk boat license for reasons not contained in the statute, and the court said: "If an applicant for a license can show that he is a fit and proper person to

engage in a licensed business under the provisions of the licensing statute the licensing officer may not arbitrarily impose limitations not contained in the statute upon his right to do business.''

The respondent argues that subdivision a of section 773 of the New York City Charter and section B32–251.0 of article 34 of the Administrative Code of the City of New York confer upon him control of the granting of licenses which presupposes an exercise of discretion in connection with such control. Undoubtedly, the right to grant or withhold a permit carries with it an exercise of discretion in the discharge of public duty (*People ex rel. Doyle* v. *Atwell,* 232 N. Y. 96, 102), but such discretion must be exercised reasonably and upon a proper factual foundation. Subdivision (b) of the foregoing section of the Administrative Code provides as follows: '' A license to maintain, operate or conduct a garage or parking lot shall be granted to a person of good character, in accordance with the provisions of this article and the rules and regulations of the commisioner.'' Thus, if there were any question as to the character or identity of the petitioner, and there was substantial evidence in the record to sustain a determination in this regard adverse to the petitioner, this court would not have the right to interfere with such determination (*Matter of Pruzan* v. *Valentine,* 282 N. Y. 498).

The record here contains no evidence whatever to justify the denial of the application. The character and qualifications of the applicant and its officials have not been questioned. It seeks a temporary one-year permit for forty-five cars in the proposed parking space, and agrees that it shall be used only in the daytime from 7:00 A.M. to 6:30 P.M., and shall not be operated at all on Sundays and holidays. No valid reason is indicated why the license should be withheld.

I am not unmindful of the situation of the residents who opposed this application before the commissioner, but since, upon the record before me, there is no basis in law justifying the commissioner in withholding the license sought, I have no alternative but to grant the application.

Submit **order.**