THOMAS W. McNARY et al., Appellants, v. AIRPORT DRIVE-IN THEATRE, INC., et al., Respondents.— The plaintiffs appeal from a judgment of the Supreme Court, Cortland County, entered October 16, 1952, dismissing the complaint, after a trial without a jury. The action was brought to enjoin the corporate

defendant from constructing a drive-in theatre in the town of Cortlandville, it being alleged that such a theatre would violate the zoning ordinance of the town adopted on September 25, 1951. The Trial Justice held that, prior to the adoption of the ordinance, the corporate defendant had "proceeded in good faith with its project to a point where vested property rights were acquired which the ordinance could not legally affect." The weight of the evidence supports the Trial Justice's conclusion. The corporate defendant had purchased the site on June 29, 1951, and, in good faith, had commenced the work of preparing the site for use as a drive-in theatre and had made substantial expenditures and incurred contractual obligations of a large amount prior to the enactment of the ordinance. It appears that in May and June of 1950, action had been taken looking toward the adoption of a zoning ordinance but after the submission of the final report of the zoning commission in June, 1950, nothing more was done officially for over fourteen months. On September 7, 1951, the zoning ordinance proposal, which had lain dormant, was reactivated and notice was published of a public hearing to be held thereon on September 20, 1951. Thereafter, on September 25, 1951, the town board adopted the zoning ordinance, a copy of which was served upon the defendant corporation on September 27, 1951. Substantial expenditures had been made by the defendant corporation prior to September 7, 1951, when the notice of public hearing was published, and the defendant continued thereafter to carry on the project which it had initiated in good faith in accordance with the contractual obligations which it had theretofore incurred. This is not a case of one purchasing property with knowledge of the imminence of the enactment of a zoning ordinance and attempting to develop it for a use forbidden by the ordinance just before the ordinance is to go into effect; on the contrary, it appears to be a case in which a dormant proposal for the adoption of a zoning ordinance was revived and the ordinance enacted, in the midst of a project which had been undertaken in good faith. Judgment unanimously affirmed, with costs. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur. [See *post*, p. 1060.]