ANTHONY BENTROVATO, on Behalf of Himself and Others Similarly Situated, Plaintiff, *v.* EDWARD T. CRINNION, as Bronx Borough Superintendent of Housing Buildings, et al., Defendants.

Supreme Court, Special Term, Bronx County, June 25, 1954, after reargument.

*Philip Bramnick* for plaintiff.

*Adrian P. Burke, Corporation Counsel* (*Milton Mollen* and *Murray Rudman* of counsel), for Edward T. Crinnion, as Bronx Borough Superintendent, defendant.

*Max I. Levine* for Bartroy Construction Corp. and another, defendants.

MATTHEW M. LEVY, J. In this action for a declaratory judgment the plaintiff has moved to enjoin the excavation preparatory to the erection of a multiple dwelling and its prospective construction on certain land in Riverdale, pending ultimate determination of the issues on the merits. The defendants have each cross-moved to dismiss the complaint, as amended — the defendant Crinnion under rule 112 of the Rules of Civil Practice, and the other defendants under that rule and also under rule 106. I shall first consider the motion to dismiss made by the defendant Bronx Borough Superintendent of Housing and Buildings (Crinnion), then the motion made by the defendants builder and owner (Bartroy Constr. Corp. and Levine, respectively) to dismiss, and then the plaintiff's application for an injunction *pendente lite*.

The proposed building would be a multiple dwelling and would occupy 80% of the available space. It appears that on January 6, 1954, the city planning commission adopted a rezoning resolution, the substance of which would reduce the usable area of a plot from 80% coverage to 50%. On the following day, January 7th, the rezoning resolution was filed with the board of estimate, and on January 14, 1954, the board of estimate unanimously approved it.

The plaintiff (as appears from the amended complaint) is one of the joint owners of a certain two-family dwelling in the Riverdale area, and he sues in his own behalf and for others similarly situated. The defendants are the Bronx Borough Superintendent of Housing and Buildings, who issued the permits for the excavation, foundation and building; and a corporate and an individual defendant — the latter, the record owner of the premises where the operations are in progress; and the former, the builder and the claiming owner.

The plaintiff has made much of the fact that the subject premises are really owned not by the corporate defendant, to whom the permit was issued as alleged owner. I gather from the papers before me that the record owner is the individual defendant (who is a stockholder and officer in the family corporation), and that an unrecorded deed has been executed by her in favor of the corporation. Whether the actual owner is the corporate or individual defendant (or whether, as claimed by the plaintiff, there was fraud in the representation to the superintendent in that regard) is a matter, which, in the first instance, should be required to be presented to the superintendent, as the officer in charge of the issuance of the permit. Upon discovery of misrepresentation as to a material fact in

the application on which the permit was based, he has power to revoke the permit theretofore issued (*Matter of Ramundo* v. *Murdock,* 265 App. Div. 526, affd. 293 N. Y. 913). Then, if necessary, the issue should — as a matter of normal procedure in the administrative process — be presented on review to the board of standards and appeals of the City of New York. This is in accord with usual equitable principles and presently applicable legislative provisions, requiring exhaustion of administrative remedies before invoking the aid of the court for the extraordinary relief of declaratory judgment (New York City Charter, § 666, subd. 6; § 668; *People ex rel Broadway & 96th St. Realty Co.* v. *Walsh,* 203 App. Div. 468, 474; *Matter of Towers Management Corp.* v. *Thatcher,* 271 N. Y. 94, motion for reargument denied, 272 N. Y. 511). In any event, the issue thus raised must certainly await a trial, at which time the relationship of the parties and their good faith in regard to title — legal and equitable — may be adequately gone into.

Exhaustion of allowable administrative processes is, I think, a *sine qua non* generally to the discretionary grant of a declaratory judgment (Rules Civ. Prac., rule 212). The plaintiff seeks to avoid the impact of this principle. He points out that the undisputed facts, as presented to me, show that, after the beginning of hearings before the city planning commission to effectuate the zoning changes heretofore referred to, the superintendent issued an excavation permit to the builder on December 21, 1953, a foundation permit on January 5, 1954, and a building permit on January 14, 1954. In the meanwhile, and on January 7, 1954, the city planning commission had filed its zoning amendment resolution with the board of estimate. The main contention of the plaintiff is that as the rezoning became effective on January 7th, the subsequent issuance of the building permit was without legal authority, and that the permit was void. With that argument as a base, the plaintiff claims that he is not required to exhaust his administrative remedies before applying to the court for a construction of the charter section, and for a judgment enforcing it accordingly.

But the very foundation of the contention is built upon a false premise. The controlling legislation — clear and unmistakable — is patently to the contrary. The section provides (New York City Charter, § 200) that "Any such resolution (adopted by the city planning commission) shall be filed with the secretary of the board of estimate within five days from the date of its adoption. Unless the board of estimate shall modify or disapprove such resolution by a three-fourths vote

within thirty days from the date of filing, it shall *thereupon* take effect, except that in case a protest (as therein specified) against a proposed resolution shall have theretofore been presented * * * such resolution shall *not be effective unless approved* by the board of estimate by unanimous vote of the entire board." (Italics mine.) Thus, quite plainly, the zoning change did not under any circumstances take effect on January 7, 1954, the date of the filing of the resolution of the city planning commission with the board of estimate. There is therefore no need or justification for so-called " statutory construction " or for a " declaratory judgment " in regard to what is obvious. It may be (as I pointed out in my opinion in *Matter of Astor Vil. Taxpayers* v. *Board of Stds. & Appeals of City of N. Y.,* N. Y. L. J., March 17, 1954, p. 9, col. 8) that there is a hiatus in the law, the effect of which is to encourage chicanery, and which should be corrected; but that, it seems to me, is more within the province of the appropriate legislative or administrative body than for the court.

But the issues heretofore discussed are not at all the same as the issues with respect to the sufficiency of the complaint as it affects the builder and owner. In this latter aspect of the case, I shall record more extensively the relevant allegations of the complaint. It is there alleged, in substance, that, on November 10, 1953, the city planning commission scheduled a hearing (noticed in the *City Record* of Nov. 13th) for November 25th, respecting the proposed zoning changes, that such hearing was held on the date fixed, and that the instant moving defendants filed objections; that on December 8 and 31, 1953, the defendant Bartroy (falsely alleging that it owned the land involved) filed plans and specifications with the borough superintendent and applied for a permit to erect the multiple dwelling apartment house objected to by the plaintiff; that in pursuance of the application, and on December 21, 1953, the borough superintendent issued an excavation permit and on January 5, 1954, a foundation permit, to the defendant Bartroy; that the city planning commission adopted the rezoning resolution on January 6, 1954, and filed the resolution with the secretary of the board of estimate on January 7th; that the board unanimously approved it on January 14th; that on that same day, January 14th, the borough superintendent issued the building permit to the defendant Bartroy for the erection of the multiple dwelling — which permit was in keeping with the plans and specifications filed by Bartroy but not with the rezoning resolution; that no excavation or construction was commenced under said

permits until January 13th, upon which date a small excavation was made; that on January 14th, the same excavation was slightly increased and some insignificant pouring of concrete was placed in the bottom thereof; that this work was performed in an unworkmanlike manner and was unfit for the use for which it was ostensibly intended; that this so-called construction was of little or no value and was deliberately undertaken and hastened in bad faith so that the moving defendants might claim a "vested right". Then the complaint alleges that no construction of any nature was done since January 14, 1954 — the date (it will be recalled) of the issuance of the building permit and of the adoption by the board of estimate of the rezoning resolution.

At this point, I think I should note explicitly three simple legal principles which are mandatory guides in the consideration of a motion to dismiss a complaint for alleged insufficiency on its face. These are: first, that the material allegations of the complaint are deemed to be true (*Latham* v. *Father Divine,* 299 N. Y. 22, 26; *Matter of 609 Holding Corp.* v. *Burke,* 202 Misc. 709, 712); second, that the pleading must be liberally construed in support of a holding of sufficiency (*Condon* v. *Associated Hosp. Service of N. Y.,* 287 N. Y. 411, 414; *Settembrini* v. *Greenberg,* 200 Misc. 832, 834); and, third, that if the complaint is adequate to state some cause of action, it is not subject to dismissal (*Niagara Falls Power Co.* v. *White,* 292 N. Y. 472, 480; *Schlanger & Sons* v. *Beaumont Factors,* 205 Misc. 943).

Thus, the complaint, liberally construed, constitutes a claim of lack of vested right as to the defendants Bartroy and Levine, and hence a basis for injunction. It is true that plaintiff appears to have stated in its argument that the action is for declaratory judgment, with incidental relief for injunction. However, that is not fatal to the complaint, although I am quite aware that an action for an injunction is an existing form of action, and in its discretion the court may therefore decline to pronounce a declaratory judgment (Rules Civ. Prac., rule 212; *Garvin* v. *Garvin,* 306 N. Y. 118, 121). Injunctions are not infrequently sought together with declaratory judgments, and both may be granted in the one action (*Railway Mail Assn.* v. *Corsi,* 293 N. Y. 315, 319). There is here a mixture of claims in the complaint supporting the primary contention that the owner and builder may not lawfully continue the operation, and intertwined in a determination of that issue are, among other things,

the effect of the filing date of the rezoning resolution, decision as to the effective date thereof under section 200 of the charter, and the meaning of section 22-B of the zoning laws. I suppose the problem might have been simpler had the complaint contained not a single cause of action, but several — one for a declaratory judgment and the other for injunctive relief; one against the public official and another against the private parties involved. But the defendants have not moved to compel the plaintiff to state his causes of action separately (Rules Civ. Prac., rule 90), and I am on this application confined to a consideration of the complaint as is, not as it might have been drawn with all consummate professional artistry.

Section 22-B of the Zoning Resolution of the City of New York was adopted July 21, 1952, by the board of estimate, and reads as follows: "22-B. EFFECT OF ZONING CHANGE AFTER CONSTRUCTION HAS BEEN STARTED. If the applicable use, height or area zoning regulations are changed after operations have been lawfully started on erecting a structure or changing a use, and as a result such structure or use does not conform to the new zoning provisions, work on such structure or use may proceed as authorized in the building permit at any time within one year after the effective date of the change of zoning, but after that time such permit shall be invalid. However, if substantial work on a structure above the foundations is done before the expiration of such one-year period, the proposed structure or use may be completed as authorized in the building permit at any time within five years after the effective date of the change of zoning, but after that time such permit shall be invalid."

The question for a declaration on this complaint (vis-a-vis the owner and builder) is reasonably raised whether section 22-B codified the " vested-right " principle (cf. *People* v. *Miller,* 304 N. Y. 105; *Radano* v. *Town of Huntington,* 305 N. Y. 911; *Matter of Pelham View Apts.* v. *Switzer,* 130 Misc. 545; *City of Buffalo* v. *Chadeayne,* 134 N. Y. 163; *Matter of Ageloff* v. *Young,* 282 App. Div. 707, and *McNary* v. *Airport Drive-In Theatre,* 281 App. Div. 1002, motion for reargument or for leave to appeal to Court of Appeals denied, 281 App. Div. 1060) or whether there was an absolute legalization of an operation commenced pursuant to permit issued on or prior to the effective date of the rezoning resolution. Section 22-B also poses the question whether the permit (which is permissive, not creative

of a right), and the work done, did or did not under the alleged facts amount to rendering the rezoning resolution applicable to this operation.

It has been noted that the plaintiff contends that the zoning change became effective on January 7, 1954, when the resolution was filed with the secretary of the board of estimate. Taking hold of the opposite end of the pole, the moving defendants argued that the change did not take effect until thirty days thereafter, and that in the meanwhile the superintendent might lawfully issue a permit upon which the owner and builder may rely, even though the building permissible thereunder be interdicted by the prospective zoning regulation (*Matter of Reade* v. *Moss,* 186 Misc. 156). An issue thus fairly arises with respect to the precise effective date of the rezoning resolution under section 200 of the charter (heretofore quoted). It is there provided in substance that a modification or disapproval by the board of estimate requires a three-fourths vote; that in the event that there is no modification or disapproval, the resolution is effective thirty days after the filing, except where there is a protest; and in such instance the resolution is not effective unless approved by the board unanimously. There is no requirement in section 200 that there be any approval except where there is a protest, and where there is a protest such approval must be unanimous. While there is an allegation in the complaint of unanimous approval on January 14th — seven days after filing — there is no allegation about any protest. The question for a declaration then is, Is it required under the terms of the charter to await the expiration of the full thirty-day period for the resolution to become effective, when in point of fact during that period the board of estimate actually gave the resolution its unanimous approval?

I am of the view, therefore, that whether the cause of action against the defendants owner and builder is deemed one for declaratory judgment or for injunction or for both, the complaint, liberally construed, presents the basic issue whether in the circumstances as set forth in the complaint the operation undertaken by them may be permitted to continue. Whatever the situation may be as to the legal propriety of the official act of the superintendent in the issuance of the building permit on January 14th, the " vested rights " claimed by the moving defendants are not so obvious from the face of this complaint that the plaintiff should be deprived of the right to present proof in support of his allegations that the defendants had not " *lawfully* started on erecting a structure or changing a

use ''. I hold that the complaint is sufficient with respect to the defendants Bartroy and Levine and that the motion made by them to dismiss under rules 106 and 112 of the Rules of Civil Practice must be denied. The defendants will of course be given leave to answer.

Now, as to the plaintiff's plea for restraint of excavation and construction preliminary to a trial of the action. He raises certain issues (heretofore mentioned) — such as ownership of the premises, misrepresentation by Bartroy in order to obtain the permits, the corporate and individual defendants' bad faith in proceeding with the work, their haste in the light of the impending rezoning changes, the lack of substantial construction, and the maintenance of a nuisance by them on the premises. There is definite factual disagreement between the parties as to these issues, and I do not see, in the view of the case that I take, that I should seek to resolve such controversies here. Although the extent of the operations in the instant case appears to be much less substantial than what was done in the *Matter of Astor Village* case (N. Y. L. J., March 17, 1954, p. 9, col. 8, *supra*), what I have said there as to the balancing of interests in determining the granting of the drastic remedy of injunction *pendente lite* is apropos here, and I need not repeat it. This much I do add — that I was compelled to vacate an interim stay contained in the order to show cause because the plaintiff was unable or unwilling to post a bond to secure the defendants during its continuance.

The motion for an injunction *pendente lite* is denied. The cross motion of the defendant Crinnion to dismiss the complaint (as amended) is granted. The cross motion of the defendants Bartroy and Levine to dismiss is denied, with leave to answer within ten days after service of a copy of order with notice of entry. Orders signed.