ROBERT DOLMAN, Plaintiff, *v.* UNITED STATES TRUST COMPANY OF NEW YORK, as Trustee under the Will of EUGENE HIGGINS, Deceased, Defendant.

Supreme Court, Special Term, New York County, October 18, 1954.

*Charles F. Houghton* for defendant.

*Joseph Calderon* and *Howard Schwartzberg* for plaintiff.

MATTHEW M. LEVY, J. This is a motion by the defendant to dismiss the complaint pursuant to rule 106 of the Rules of Civil Practice, upon the ground that it does not state facts sufficient to constitute a cause of action. The complaint is short and simple.

The defendant, owner of certain property, leased it to the plaintiff for a term of years. The lease contained the customary covenant of quiet enjoyment. It also included a clause retaining in the landlord an option to cancel in the event of condemnation for public use, and provided that in the event of such condemnation the tenant was not to be entitled to any part of the award or to any apportionment thereof. Upon taking possession the plaintiff improved the premises, subleased the same for use as a parking lot, and was making substantial

profits thereon.   It may be inferred from the allegations of the complaint that the City of New York was desirous of purchasing and the defendant was interested in selling the property. It appears further that the defendant was reluctant to sell the property to the city by private sale in view of the conditions and terms of the lease.   It is alleged that, for the purpose of inducing the city to acquire the premises by eminent domain, the defendant gave the city an option to purchase any award (which the defendant might receive in the event of condemnation by the city) for an amount less than the assessed valuation and market value of the property.   Upon the condition that the city first duly accept the defendant's offer, the municipal authorities resolved to authorize the condemnation.   Thereupon the option granted by defendant was exercised by the city, and it proceeded to condemn the premises.   The defendant then elected to terminate the lease, and the plaintiff was ousted from possession.   (The subtenant was temporarily permitted by the city to retain possession as a tenant at will of the city).   The plaintiff sues upon the ground that in inducing the city to condemn the premises, the defendant wrongfully violated the covenant of quiet enjoyment, to the plaintiff's damage.

In support of its motion to dismiss, the defendant urges that the decision of the city to acquire the premises was in no way affected by any act of the defendant; that the taking of an option to purchase an owner's interest in an award is a procedure frequently used by the City of New York when condemnation proceedings are about to be commenced (Administrative Code of City of New York, § B 15–30.0; *Matter of City of New York* [*Chrystie St.*], 236 App. Div. 321); and that a landlord is not liable for breach of the covenant of quiet enjoyment where the premises are taken by the exercise of the governmental power of eminent domain (1 New York Law of Landlord and Tenant, § 399, p. 830; 1 McAdam on Landlord and Tenant [5th ed.], p. 522).

The general rule of law and the practice of the City of New York just adverted to are not in dispute, but as to the facts I must take the complaint as it is and liberally construe it in the pleader's favor (*Bentrovato* v. *Crinnion,* 206 Misc. 648, 654). The defendant's contention therefore that the city's decision to condemn was not brought about by the defendant's granting of the option must await disposition upon a trial.   I am not now concerned with the plaintiff's problem of the submission of his evidence or the sufficiency of his proof.   For, if the plaintiff can support his claim that the defendant by its affirmative act

instigated and facilitated the condemnation proceedings and the consequent eviction, then in my view the plaintiff has presented a cause of action for breach of the covenant of quiet enjoyment. It is no answer that never before has such a cause of action been allowed. It may be that never before has such a set of facts been alleged. And it is the genius of our law, from before the time centuries ago when an " action on the case " was created, that the courts would seek a way to grant a remedy so as to right a wrong done by one to another. While this appears to be a case of first impression, peripheral precedents support the conclusion I have reached. I cite some of them (*Mack* v. *Patchin*, 42 N. Y. 167; *Snow* v. *Pulitzer*, 142 N. Y. 263; *Williams* v. *Getman*, 114 App. Div. 282; *Lindwall* v. *May*, 111 App. Div. 457; *Edesheimer* v. *Quackenbush*, 68 Hun 427).

True, the lease by its terms and the law by its rule both recognize that the covenant of quiet enjoyment would not be violated by the city's taking of the property under the power of eminent domain. But the rationale behind the protection to the landlord in that regard is that here is an act of government separate and apart from the wish and co-operation of private parties. And neither the condemnation clause in the lease nor the general rule of law exculpates the landlord where, as claimed in the case at bar, the act of condemnation has been actively incited by the landlord for purposes of its own. If the covenant of quiet enjoyment is to have any force it means at least that the landlord must in good faith do nothing affirmative to deprive the tenant of possession, peaceable enjoyment of which the landlord contracted to assure to the tenant during the term of the lease. And that means, I think, nothing affirmative, not alone openly and directly, but also by subterfuge or indirection. As is generally the case in the law of contracts, supervening impossibility is an excuse for nonperformance provided there is no contributory fault on the part of the promisor (Restatement, Contracts, §§ 457, 458, 460; 3 Williston on Contracts [rev. ed.], § 891, p. 2526; 6 Williston on Contracts [rev. ed.], § 1939, p. 5433; § 1959, p. 5495). I hold that on this complaint the plaintiff is entitled to prove (if he can) that the covenant of quiet enjoyment was violated by the defendant in this case notwithstanding the taking of the premises by the municipality, because, as alleged in substance by the plaintiff, that taking resulted from the contributory fault of the defendant.

The motion to dismiss the complaint for insufficiency is denied. The defendant may answer within ten days after service of a copy of order with notice of entry. Order signed.