■ In the Matter of REBECCA SAVAGE, Appellant, against COMMISSIONER OF LICENSES OF THE CITY OF NEW YORK, Respondent.— In a proceeding pursuant to article 78 of the Civil Practice Act, to review a determination of the commissioner of licenses of the City of New York, the appeal is from an order dismissing the petition. Without a hearing respondent denied appellant's application for a license to conduct the business of junk dealer upon premises owned by her. The denial was on the grounds that (1) a prior application for such a license had been made by the appellant's husband and, by reason of protests made by residents in the neighborhood, respondent, after a hearing, had denied such prior application less than a year before, and (2) there is no reason to believe the neighborhood had changed sufficiently to warrant any further consideration. Appellant's premises are located in an unrestricted district under the local zoning resolution. Order reversed, without costs, determination annulled, and appellant's application for a license remitted to respondent for a hearing and for reconsideration based upon all the proof to be adduced at such hearing. The New York City Charter (§§ 771, 773) empowers respondent to issue the license. The Administrative Code of the City of New York (ch. 32) specifies the qualifications of an applicant and the requirements to be met by him in order to obtain the license. None of the reasons assigned by the respondent for the denial of this application falls within such specifications. Respondent is without power or authority to add qualifications or to impose conditions or requirements other than those specified in the applicable statute (cf. *Packer Collegiate Inst.* v. *University of the State of N. Y.*, 298 N. Y. 184; *Matter of Seignious* v. *Rice*, 273 N. Y. 44; *Matter of Picone* v. *Commissioner of Licenses*, 241 N. Y. 157; *Matter of Goelet* v. *Moss*, 248 App. Div. 499, affd. 273 N. Y. 503; *Matter of Executive Service Corp.* v. *Moss*, 256 App. Div. 345; *Matter of Brooklyn Parking Corp.* v. *Cannella*, 193 Misc. 811). While it was error to deny this application on the grounds stated, respondent, nevertheless, is not required to issue a license to one who, prior to the application, had been willfully and knowingly utilizing his premises for the proposed use without a license, in violation of law (cf.

*People ex rel. Schwab* v. *Grant,* 126 N. Y. 473; *Matter of Dr. Bloom Dentist* v. *Cruise,* 259 N. Y. 358). In respondent's answer and affidavit it is alleged, without contradiction by appellant, that, after the respondent's denial of a similar application filed by appellant's husband, reports were made by respondent's inspector which indicate that the premises were operated as a junk shop despite such denial. Under the circumstances, upon the hearing which is hereby ordered, all available proof should be adduced by appellant and respondent as to such prior unlawful use of the premises and as to any other legally relevant facts bearing upon this application. Respondent should then make his determination on the basis of all the facts thus adduced. Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.