Thomas P. Farley, J.
Application for an order pursuant to article 78 of the Civil Practice Act directing the respondents to issue a peddler’s license to the petitioner and for other relief.
The other relief requested — a declaration (1) that petitioner’s business does not require a peddler’s license, and (2) that the ordinance with respect to peddling is unconstitutional — may not be granted in an article 78 proceeding. Such relief should be sought in an action for a declaratory judgment as in Good Humor Corp. v. City of New York (290 N. Y. 312) and Trio Distr. Corp. v. City of Albany (2 N Y 2d 690).
According to the petition, an application for a peddler’s license was made to the Village of New Hyde Park which, by notice dated July 7, 1961, was denied. The notice provided: “ Your application for permit to sell foods in this village was denied by the Board of Trustees after due deliberation. It was decided that this would not be in the best interests of the village.”
The respondents by their answer admit that an application dated June 19, 1961 was made and denied. In three defenses they plead: (1) that the conduct of the business by the petitioner on June 16, 19, and 23 of 1961, on the north side of Jericho Turnpike and the west side of Central Avenue within the village caused crowds to gather which blocked free passage on the sidewalks, littered the sidewalks and disturbed the peace; (2) that the petitioner’s business is not necessary or beneficial to the village; and (3) that the respondents acted within the power afforded them by subdivisions 48 and 52 of section 89 of the Village Law of the State of New York and Ordinance No. 1 of the Incorporated Village of New Hyde Park.
The answer is not accompanied by an affidavit “made by a person having knowledge of the facts, or other written proof, showing such evidentiary facts as shall entitle him to a trial of any issue of fact ” (Civ. Prac. Act, § 1291). The decision *396 denying the application was not made after affording the petitioner an opportunity to be heard although the Court of Appeals has written (Matter of Hecht v. Monaghan, 307 N. Y. 461, 468): ‘1 "Where the exercise of a statutory power adversely affects property rights * * * the courts have implied the requirement of notice and hearing, where the statute was silent ’ ’.
The statute (Village Law, § 89, subds. 48, 52) does not empower the Board of Trustees to prohibit peddling by a particular individual or by peddlers generally (Good Humor Corp. v. City of New York, 290 N. Y. 312, supra) and insofar as Ordinance No. 1 attempts to enlarge upon the authority conferred upon the Board of Trustees by the Village Law by providing that they need not issue a license until “ they shall within their own judgment and discretion be satisfied that any issuance of a license would be in every way proper and not detrimental to the best interest of the village, the public, or to the property owners adjacent to the locality for which a license is desired ”, the ordinance is invalid. As stated in Trio Distr. Corp. v. City of Albany (2 N Y 2d 690, 693, supra): “ Itinerant vending has been upheld here as an established occupation, not to be legislated or regulated out of existence * * * Although reasonable regulation of itinerant peddling in the streets of municipalities is permitted, ‘ When regulation becomes destruction, it ceases to be regulation. ’ (Eighth Ave. Coach Corp. v. City of New York, 286 N. Y. 84, 94) * * * An ordinance will be invalidated purporting to regulate a lawful activity, where its purpose is ‘ to prohibit by onerous and exasperating restrictions, under the guise of regulation ’. (People ex rel. Phillips v. Raynes, 136 App. Div. 417, 423, affd. 198 N. Y. 539.) ”
We are not here concerned with an ordinance which prohibits “ an itinerant vendor from selling to any person while standing-in the street” or “peddling in specified congested thoroughfares during rush hours, and the like ” (Trio Distr. Corp. v. City of Albany, supra, p. 695).
Accordingly, it must be held that the denial of the permit for the reasons stated by the respondents in the notice was arbitrary and capricious. The respondents are directed to issue the permit requested upon payment of the fee provided. If and when the respondents adopt an ordinance applicable to all persons who may indulge in trade in areas of great congestion, the restriction applicable to others may be made applicable to the petitioner but if such restrictions would seriously curtail or prohibit the petitioner from pursuing its business, the restrictions should not be imposed until the petitioner has been given an opportunity to be heard.