John T. Casey, J.
This proceeding pursuant to article 78 of the CPLR seeks to annul a determination of the Workmen’s Compensation Board which denied the petitioner’s application for renewal of his license to practice before it. The petitioner had held such license for about 10 years having renewed it, without question, year by year in accordance with section 24-a of the Workmen’s Compensation Law. In 1969 a new internal regulation was promulgated by the board whereby no such license would under any circumstances be issued to an employee of an insurance company.
On or about April 11, 1969 the petitioner who had been and still is the claims manager of the Public Service Insurance Com *1047 pany filed his yearly application for renewal to become effective July 1, 1969. The board granted him a hearing on this application on June 8, 1969. The testimony at said hearing was confined solely to the fact that the petitioner was the claims manager of the Public Service Insurance Company. There was no testimony concerning the new regulation whatever; nor any reason for its adoption; nor was the petitioner accused of ever having violated any licensing requirement (Workmen’s Compensation Law, § 24-a and Rules of Workmen’s Compensation Bd. [12 NYCRR 302-1.2]); nor of ever having appeared or represented any claimant incompetently or negligently; nor of ever having appeared in any case where there was or could have been a conflict of interest in regard to his representation.
On June 11,1969 by letter the petitioner was advised that his application for renewal was denied by the board at its meeting of June 10, 1969.
On July 30, 1969 the petitioner wrote the board asking the reasons for the denial and reciting his 10-year record as a licensee and the lack of any criticism or complaint of the type and kind of his representation. By reply letter dated August 6, 1969 the petitioner was informed by the secretary to the board that ‘ ‘ it is essential that * * * the Board adopt and observe * * * rules regulating the licensing of claimants’ representatives as will insure that the administration of the Law be fair and impartial and which will not create incidents that may embarrass the Board and undermine public confidence in its program. It is for this reason and this reason alone that the Board has decided that an employee of an insurance company is not eligible for a license to represent claimants in Board proceedings ”.
Section 24-a of the Workmen’s Compensation Law provides that no person, except attorneys, shall appear for any claimant unless he shall have obtained from the board a license authorizing him to appear in such matters and proceedings. Such license shall be issued by the board in accordance with the rules established by it. The board shall have such tests of character and fitness with respect to applicants for licenses and such rules governing the conduct of those licensed as aforesaid, as it may deem necessary. A section of rules (none of which are material to this issue) are provided in subpart 302-1 of the regulations (12 NYCRR 302-1.1). Section 24-a of said law also provides that any such license may be revoked by the board for cause, after a hearing before the board.
*1048 If the petitioner’s license herein had been revoked while it was effective (Matter of A. E. F.’s, Inc. v. McKenzie, 269 App. Div. 316) or because of some conduct on the part of the petitioner which abused its privilege then, of course, such revocation would have to be after a hearing before the board in the manner required by the statute. (Workmen’s Compensation Law, § 24-a and 12 NYCRR 302-1.10.) In that event the determination would be a “ judicial ” one (Matter of Brody’s Auto Wrecking, 31 Misc 2d 466); certiorari would be the procedure and the question would be one of ‘‘ substantial evidence ’ ’ which would be transferred to the Appellate Division. (CPLR 7804, subd. [g].)
Where the objection to the determination of the administrative agency, however, is in essence based upon the nature of the regulation promulgated by the Commissioner and not upon any ‘1 judicial or quasi judicial ” determination and does not involve any questions of adjudicative fact the respondent is not constitutionally required to afford the petitioner a hearing. (Matter of Bay Towing v. Broderick, 49 Misc 2d 657.) Here, although a hearing was held, it was surplusage and merely established that the petitioner was an ¿mployee of an insurance company and fell within the class prohibited by the regulation. The internal regulation imposed here, i.e., that- such a license would not under any circumstances be issued to an employee of an insurance company and the refusal to renew a license for violation of such regulation is an “ administrative ” as distinguished from a “ judicial ” act and if the regulation on which the refusal is based is not “ reasonable ” then the act of the board in refusing the renewal would be arbitrary and the remedy of the licensee would be by mandamus. (People ex rel. Lodes v. Department of Health of City of New York, 189 N. Y. 187; Matter of Hecht v. Monaghan, 307 N. Y. 461.) This position is evident from the letter of the Secretary of the board (Exhibit “ 3 ”) which recites that the refusal to renew the petitioner’s license was because of the internal regulation adopted whereby employees of insurance companies were ineligible and “ for this reason alone ”.
In Matter of Picone v. Commissioner of Licenses of City of N. Y. (241 N. Y. 157, 160, 161) it was held that “if an applicant for a license can show that he is a fit and proper person to engage in a licensed business under the provisions of the licensing statute, the licensing officer may not arbitrarily impose limitations not contained in the statute upon his right to do business ’ ’ and 1 ‘ he has a remedy through mandamus to right *1049 any wrong which he has suffered ’ ’. Thus it was held that it was arbitrary for the Commissioner to deny the petitioner’s application for a junk boat license on the ground that the petitioner did not procure a junk shop license first, which condition was imposed by the Commissioner and was not contained in the statute. See, also, Matter of Supreme Ind. Catering Corp. v. Fuerst (30 Misc 2d 394) wherein it was held that a denial by a Village Board of Trustees of a peddler’s permit or license on the grounds that the granting thereof would not be in the best interests of the village was arbitrary and capricious.
In a similar situation in Matter of Brooklyn Parking Corp. v. Cannella (193 Misc. 811) it was held that mandamus would issue to compel the Commissioner of Licenses to issue a parking lot license to the petitioner which had been withheld because the residents of the neighborhood opposed the application because of noise and traffic hazards inherent therein. It was said that the right of a municipal officer to grant or withhold a permit carries with it an exercise of discretion in the discharge of a public duty but such discretion must be exercised reasonably and upon a proper factual foundation.
When this rule is applied, the regulation herein seems to this court unreasonable. There has been no showing by the board of continued violations or repeated instances of conflicts of interest by employees of insurance companies who were licensed; or any reason for their exclusion as a group or a reasonable basis for their discrimination except as stated in Exhibit “ 3 ” attached to the petition that the rule was adopted ‘‘ to insure that the administration of the Board would be fair and impartial and would not create incidents that [would] embarrass the Board and undermine public confidence in its program”. If valid, this kind of condition could be imposed on every license by every licensing officer and board, making it possible to restrain the issuance of every license — for the possibility of embarrassment to the licensing officer (a possibility inherent in the abuse of every permit).
It cannot be anticipated that a conflict of interest will arise, nor that if one does the licensee would not refuse the representation. Even if the licensee involves himself in a conflict of interest situation or abuses his license the statute always permits revocation by the means provided therein. In short, the board always has adequate remedy therefor to control the situation.
The respondent further relies on section 23 of the Workmen’s Compensation Law which recites that “ an award or decision *1050 of the board shall be final and conclusive upon all questions within its jurisdiction * * * unless reversed or modified on appeal * * * which may be taken therefrom to the appellate division of the supreme court, third department, by any party in interest”. It is urged, therefore, that the petitioner’s exclusive remedy is by appeal from the board’s determination adverse to him to the Appellate Division. This court does not agree. While a literal reading of the section might seem to so indicate that section applies only to an award or decision in a claimant’s case where a “ substantial evidence ” question is presented and the appeal is then directly taken to the Appellate Division. The statute cannot be construed to mean, however, that every administrative act of the Workmen’s Compensation Board is above and beyond review by mandamus. (Matter of Van Patten v. Ingraham, 51 Misc 2d 244.) There are no cases which indicate that this was the intention of the Legislature nor any reason why this board should be so preferred.
No valid reason having been indicated why the license should be withheld, the petitioner’s application is granted.