■ In the Matter of JERALDINE R. SILK, Appellant, v WORKERS' COMPENSATION BOARD, Respondent. [607 NYS2d 187] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed January 23, 1992, which found Jeraldine R. Silk guilty of misconduct and suspended her license to serve as a claimant representative.

At all times relevant hereto, Jeraldine R. Silk served and appeared as a licensed claimant representative before the Workers' Compensation Board representing injured claimants seeking benefits under the Workers' Compensation Law (*see,* Workers' Compensation Law § 24-a). In apparent response to complaints regarding Silk, an investigation was conducted and, in September 1991, Silk was charged with numerous specifications of misconduct. At the conclusion of the evidentiary hearing that followed, the Hearing Committee recommended that Silk be found guilty of the following charges: (1) wrongfully accusing a physician of improper physical contact with a patient, (2) wrongfully issuing a subpoena, (3) wrongfully contacting an adverse party known to be represented by counsel, (4) threatening and harassing a client to work in her son's home without pay and inducing the client to mislead a physician, (5) compelling a client to make false statements to his physician, (6) wrongfully making a collect telephone call to a client, (7) wrongfully disparaging a group of physicians, and (8) wrongfully accepting a fee. The Board thereafter adopted the Hearing Committee's findings and recommendations and suspended Silk's license for five years. This appeal by Silk followed.

In our view, this matter is not properly before this Court

and, therefore, the appeal must be dismissed. Where, as here, the issue concerns the suspension or revocation of a license issued in accordance with Workers' Compensation Law § 24-a and a determination is rendered following an evidentiary hearing, the appropriate vehicle for review is a proceeding pursuant to CPLR article 78 *(see, Matter of Novick v Workmen's Compensation Bd.,* 69 Misc 2d 1046, 1048). Although the Board has taken the position that Silk's purported appeal arguably constitutes an appeal from a Board decision under Workers' Compensation Law § 23, we cannot agree. Our review of the relevant statutory provisions leads us to conclude that a determination rendered in a misconduct proceeding conducted in accordance with 12 NYCRR 302-1.10 simply is not a "decision" within the meaning of Workers' Compensation Law § 23 *(see,* Workers' Compensation Law § 20; *Matter of Novick v Workmen's Compensation Bd., supra,* at 1049-1050). Accordingly, Silk's remedy was to commence a proceeding pursuant to CPLR article 78 to review the determination at issue.

Although this appeal must be dismissed, we note that were this matter properly before us, we would confirm the Board's determination. The record as a whole provides substantial evidence to support the Board's findings upon each of the enumerated charges and, further, the penalty imposed was not so disproportionate to the offense as to shock the conscience of the court.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the appeal is dismissed, without costs.